GEORGE RUSSELL, Respondent *v.* BYRON and CHARLES FORD, Appellants.

One partner cannot sue another for a partnership transaction without praying for an account and a settlement of the partnership transactions.

If the complainant do not show a good cause of action the judgment will be reversed though no objection be taken below.

APPEAL from the District Court of the Fifth Judicial District, for the County of Tuolumne.

Russell filed his complaint against the appellants, stating that the parties entered into a mining partnership, in August, 1850, and laid a claim, &c.; the gold to be taken from which was to be equally divided between the parties; and that the plaintiff was to be at liberty to go to a certain Ranch, and whatever interest he might acquire in it, or whatever compensation he might receive while there, was to be divided between the parties, as an equivalent for the gold taken from the claim; that the defendants took from the claim $5000, clear of all expenses,—during all the time they were doing which, the plaintiff furnished one man to work the claim; that afterwards the defendants took two other partners in the claim, with the understanding that the plaintiff was to share one-fifth of the profits; and worked the claim, and divided with the two new partners, giving each of them one-fifth of the profits, amounting to $13\frac{1}{2}$ ounces; that the plaintiff was in partnership with the defendants in other mining transactions, and in driving team, the profits of which were $600, and were to be equally divided; and that the defendants, though requested, refused to account for or pay the proportions due the plaintiff; to his damage $3000; for which he prayed judgment.

The defendants answered denying the complaint.

The cause was tried by a jury, who found for the plaintiff, for $1000: a judgment was rendered accordingly. The defendants appealed. The testimony was annexed to the record: but it does not appear that any exception was taken, nor any motion -made for a new trial.

*E. W. F. Sloan* and *J. K. Irving* for the appellants.   1. The partnership was still subsisting : and there was no dissolution by the decree, nor any settlement or account.   2. Error in the final decree, apparent on the face of the record, will be noticed in an appellate court.

*Thomas* and *Morse,* for the respondent.   1st. As no motion was made for a new trial, nor any exception taken, the objections of the appellant go only to the sufficiency of the complaint : and by the Practice Act, sec. 45, all objections not raised by answer or demurrer, are deemed waived, except objections to the jurisdiction of the Court, "and that the complaint does not state facts sufficient to constitute a cause of action."   The complaint sets forth a good cause of action.   2nd. The evidence justifies the verdict ; and the judgment was the only one that could have been rendered on it.

Justice HEYDENFELDT delivered the opinion of the Court.   This is an action by one partner against his co-partners.   The complaint is too defective to sustain the judgment.   It asks for judgment for a particular sum, forming a part of partnership profits ; and does not pray for an account of the partnership concerns, nor for a dissolution of the partnership.   It is impossible that a correct decision can be attained as to the right of one partner, unless all the partnership transactions are brought before the Court and properly investigated and adjusted.

The judgment must be reversed, and the case remanded.

Thursday, February, 19.

The Court overruled a petition for a re-hearing, filed by the appellants.