J. B. STONE et al., Appellants, *v.* J. M. FOUSE et al., Respondents.

The contract declared on, contained a covenant for stipulated damages, and by the same contract, the parties were constituted partners. The plaintiffs prayed judgment for the liquidated damages, and for an account, and dissolution of the partnership. Defendant demurred, assigning for cause that two causes of action, the one of legal, and the other of equitable jurisdiction, could not be joined, and the District Court sustained the demurrer. Held, that this was error.

Partners cannot sue one another at law, for any of the business or undertakings of the partnership. This can only be done in chancery, by asking for a dissolution and an account.

If damages accrue in such proceedings, if liquidated, they can be settled by the court, if unliquidated, by directing an issue to have them ascertained.

Plaintiffs cannot sue on this contract in any form, without seeking an account and dissolution.

APPEAL from the Tenth Judicial District.

The complaint in this case was founded upon an agreement between the plaintiffs and defendants, which is set forth in the complaint, and which states that the plaintiffs and defendants had formed a company, called "The Empire Water and Mining Company," to be held in shares, the plaintiffs to hold five shares, and the defendants nine shares, divided between them, the whole number making fourteen shares, the property of the company. The party of the first part, the plaintiffs, conveying to the said defendants, of the second part, nine shares of a certain ditch and diggings, known as the Empire Water and Mining Company's property (describing it), and stipulating to complete the said ditch at their own expense, in such manner that it shall convey from its commencement to Grass Valley Slide, the water to be put into said ditch by defendants; and the party of the second part, the defendants, in consideration thereof, agree to convey to plaintiffs five shares, in certain other ditches described, to convey the water into the above ditch, to which the latter were to be joined, to complete the same, and to pay the plaintiffs $900, in the manner set forth. It then recites that after the

execution of the said instrument, the interests should be united, and be under the direction and management of managers chosen by the company. The parties to have their respective works completed by the 1st December, 1852; and in case either party should fail to perform, they shall pay to the other " the sum of $1500 as liquidated, fixed, and settled damages."

The plaintiffs aver performance on their part, and allege failure on the part of defendants : 1st, in not constructing the ditches stipulated to be constructed and completed by them, by the 1st December, by which an action hath accrued to the plaintiffs to have from defendants the sum of $1500, to be by them paid, as agreed, by the terms of the said agreement, for which they pray judgment, &c.

And further aver, that the objects of the said agreement have entirely failed, and said defendants have rendered it impossible, by their acts, to perform the said covenants in the manner contemplated by the parties thereto. Wherefore plaintiffs pray the court, that an accounting and settlement be had between the said plaintiffs and defendants, and that the court order and decree a dissolution of the said company, formed by said agreement, and that the same be cancelled, and for further relief.

The defendants demurred, alleging for cause, That one cause of action being to recover damages for the breach of a contract set forth in said complaint, plaintiffs claiming to recover under said contract ; and 2d, another cause of action, setting forth a failure of the objects of the company, mentioned in the said complaint, by the default of the defendants, and praying an account and dissolution of said company, and that said contract be cancelled; one of said causes being purely a proceeding at law, and the other purely an equitable proceeding, the objects sought and the relief claimed, are wholly incompatible with each other; the plaintiff in the one case relying upon and claiming under the contract, and in the other seeking to avoid and cancel it, thus claiming the benefit of it for themselves, and at the same time seeking to deprive the defendants of it.

Several other causes of demurrer were assigned, but the foregoing was the only one considered in this court.

The court below sustained the demurrer, and plaintiffs appealed.

No brief on file for appellants.

*Sawyer*, for respondents.

The distinctions between legal and equitable proceedings remain unchanged, and as marked as ever. Causes legal and equitable have not been consolidated, only forms have been abolished. Stat. Cal. 1850 ; Constitution, p. 30, art. vi., sect. 6 ; Hays *v.* Vassault, Cal. Rep. ; Smith *v.* Rowe, Ib. ; N. Y. Code Rep. 1852, p. 18, and note, also p. 65–67, notes; London *v.* Fritz, 5 Howard, N. Y. Prac. Rep. p. 188 ; 3 Code Rep. 165 ; 1 Code Rep., New Series, p. 49 ; 1 Ib. 393 ; 5 How. Rep. 219.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

The District Judge sustained the demurrer, on the ground that one of the plaintiffs' propositions for relief was such as can only be sought in a court of law, and the other only in a court of chancery. In this I think he is clearly in error. Although the written contract between the parties contains a covenant for stipulated damages, yet it is by this same contract that they are constituted partners, and partners cannot sue one another at law, in respect to any of the business or undertakings of the partnership.

It can only be done in chancery, by asking a dissolution and account. In such a proceeding, if by the failure to perform covenants, damages accrue, which would be legally considered as liquidated, they could be easily adjusted by a court of equity, and no question would be left for a jury to pass upon. Or in the event the damages are held to be unliquidated, an issue would be directed out of chancery, in order to have them ascertained by a jury. It is very certain that the plaintiffs cannot sue upon this contract in any form, without seeking an account and dissolution.

Judgment reversed and remanded.