[318] *JOHN NUGENT, RESPONDENT, v. MOSES P. LOCKE et al. APPELLANTS.

PARTNERSHIP, ACCOUNTING AND DISSOLUTION.—The only remedy upon a contract of partnership is by bill in equity to dissolve the partnership and obtain an account.

APPEAL from the Superior Court of the City of San Francisco.

The complaint set forth a contract in these words: The said parties, on said date, purchased the bark called the Sarah Hooper, from Messrs. McKinley, Garrioch & Co., of San Francisco, for the sum of six thousand and five hundred dollars, to be paid in the following manner: four thousand dollars in cash at the time of delivery of said vessel, and the balance in fifteen days, at which time a bill of sale of said vessel was to be made to the said Nugent and Locke, in the following manner, viz: the said Locke was to be the owner, in said bill of sale of said vessel, of two-thirds of said vessel, and plaintiff was to be the owner in the bill of sale of one-third of said vessel. It was also agreed by and between the parties, that S. A. Drake was to act as agent for the said vessel until she was ready for sea, when their accounts were to be settled according to the ownership of each party, and further arrangements entered into for future operations. It was further understood, as part of the agreement between the said parties, that the intent and object of the purchase of the said bark by the said parties was, that she should be put up as a passenger vessel for Sydney, New South Wales, and that from the profits or results to arise from passage money, freight and other matters connected with her intended voyage, the said cost of said vessel, or purchase money, was to be paid. Any actual profits shown to exist on closing the accounts in San Francisco, were to be divided between the parties after deducting all the expenses of the voyage, outfit, cost of vessel, and

other expenses; and in case the said profits to result from
the intended voyage, after deducting the expenses
* of outfit, etc,, were not sufficient to pay the said　[319]
purchase money of the said vessel, then and in that
event, the said Moses P. Locke and John S. Nugent were to
pay in cash their proper proportions, in accordance with
their interests in the vessel, to discharge the debt so due
upon the vessel.

The complaint alleged that, in pursuance of the above
contract, a ship called the Sarah Hooper was purchased,
and that plaintiff had expended time, labor and money upon
her, and in all respects had performed his part of the above
contract, and stated that the defendant Drake, had acted as
ship's husband. The complaint charged that the defendant
Locke, refused to acknowledge the plaintiff as part owner of
the vessel, and to perform, and had violated his agreement
with the plaintiff, and asked for a decree directing a bill of
sale of one third of the vessel to be made, as per agreement,
and an account of the profits and damages.

The defendant denied generally the allegations of the
complaint.

The cause was referred to E. W. F. Sloan, Esq., who
reported as follows:

1st. That in consideration that the plaintiff should effect
the purchase of the bark Sarah Hooper, at the price of
$6,500, and should assist in fitting her up, preparing her
for, and dispatching her on a voyage to Australia, for the
carriage of passengers thither, it was stipulated by and be-
tween the defendant Locke and the plaintiff, that the latter
should become the owner of one-third of said vessel, and
receive one-third of the profits of said voyage.

2d. That the plaintiff did effect the purchase of said
vessel at the said price, and did assist in fitting her up
and dispatching her on said voyage; that on the 20th of
February, 1853, she was dispatched on said voyage with a
large number of passengers, all of whom had prepaid their
passage money, amounting to the sum of $13,750, from
which the purchase money and all other expenses of the

vessel incident to said voyage were refunded, leaving a surplus balance in the hands of the defendant Locke, of $2,300.

3d. That the defendant Locke, prior to his departure thence with said vessel on said voyage, received from the vendors a bill of sale for her in his own name as sole vendee, and did actually *convert the entire vessel to his own use, and had also failed to pay to the plaintiff his one-third part of the profits of said voyage, amounting to $4,583 33, or any part thereof.

[320]

4th. That there is due by the defendant Locke, to the plaintiff, as aforesaid, the sum of $4,583 33, with interest thereon from the 19th day of Februry, 1853, at the rate of ten per cent. per annum, to wit: $277—in all, the sum of $4,860 33. Wherefore, because of the law and the facts, the referee is of opinion, and so decides, that the plaintiff is entitled to have and recover of the defendant Moses P. Locke, the sum of $4,860 33, and for his costs of suit to be taxed.

Judgment was entered on the report.

A motion to set aside the report, and a motion for a new trial, were denied.

*Hoge & Love* and *Wm. J. Shaw,* for Appellant.

*R. F. Ryan* and *E. R. Carpentier,* for Respondent.

Mr. J. HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

The contract set out in the declaration, discloses the formation of a partnership between the parties. The only remedy of the plaintiff is by bill in equity to dissolve the partnership, and obtain an account.

The suit here is to recover damages for breach of contract, which, under the circumstances, is impracticable.

The judgment is reversed, and the cause remanded.