[No. 9552. Department Two.— July 28, 1885.]

## JAMES FISHER, RESPONDENT, *v.* SOLOMON SWEET, APPELLANT.

PARTNERSHIP — WHAT CONSTITUTES. — The plaintiff and defendant purchased certain lands jointly for the purpose of farming and eventually selling the same. Some time after such purchase the parties entered into an agreement by which the plaintiff was to conduct the farming operations, and the defendant to attend to shipping and selling the produce, the parties to share expenses equally, and after paying a reasonable compensation to the plaintiff for his services and the use of his teams and tools, to divide the net proceeds equally between them. *Held*, that these facts constituted a partnership between the parties with respect to the lands and the farming of the same.

ID. — ACTION BETWEEN PARTNERS. — A partner cannot maintain an action at law against his co-partner to recover his proportion of the partnership proceeds until the accounts of the firm have been settled.

ID. — EVIDENCE. — In an action at law or in equity, if the plaintiff offers evidence tending to show that the defendant has received moneys growing out of their adventures, whether as joint owners or as co-partners, the defendant will be entitled to show that such moneys have been disbursed in the due course of the business.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order refusing a new trial.

The facts sufficiently appear in the syllabus and the opinion of the court.

*Brown & Daggett,* and *Atwell & Bradley,* for Appellant.

The relation between the parties was that of partnership. (Civ. Code, § 2395; Parsons on Partnership, 2d ed. p. 6; *Reynolds* v. *Pool,* 84 N. C. 37; *Clark* v. *Gridley,* 49 Cal. 106; *Harris* v. *Hillegass,* 54 Cal. 463; *Beauregard* v. *Case,* 91 U. S. 134; 3 Kent Com. 24.) Plaintiff cannot recover until the accounts have been adjusted. (Parsons on Partnership, 2d ed. p. 270; *Ross* v. *Cornell,* 45 Cal. 133; 5 Wait's Actions and Defenses, 145, § 5.)    Evidence as to

disbursements made by the defendant should have been admitted. (*Jackson* v. *F. R. W. Co.* 14 Cal. 24; *Harper* v. *Lamping*, 33 Cal. 648; *Neal* v. *Neal*, 58 Cal. 288; *Eddy* v. *Smith*, 13 Wend. 490.)

*McAllister & Bergin*, also for Appellant.

One partner cannot sue another at law until the partnership accounts are closed. (*Williams* v. *Henshaw*, 12 Pick. 378; *Rider* v. *Wilson*, 103 Mass. 28; *Gummersall* v. *Gummersall*, 14 Allen, 61; *Dorr* v. *McKinney*, 9 Allen, 359; *Buel* v. *Boughton*, 2 Denio, 93; *Eddy* v. *Smith*, 13 Wend. 490; *Lockwood* v. *Kelsea*, 41 N. H. 188; *Clark* v. *Gridley*, 49 Cal. 108; *Ross* v. *Cornell*, 45 Cal. 136; *McCord* v. *Oakland Quicksilver Mining Co.* 64 Cal. 134; *Marvin* v. *Mandell*, 125 Mass. 562; *Hawks* v. *Hawks*, 124 Mass. 460; *Howard* v. *Howard*, 16 Gray, 354; *Briggs* v. *Page*, 13 Cal. 641.) The court erred in its rulings on the evidence. (*Chandler* v. *Allison*, 10 Mich. 477; *Thompson* v. *Richard*, 14 Mich. 72; *Detroit and Milwaukee R. R. Co.* v. *Van Steinburg*, 17 Mich. 90; *Wilson* v. *Wagar*, 26 Mich. 457; *Haynes* v. *Ledyard*, 33 Mich. 321; *Furguson* v. *Rutherford*, 7 Nev. 389; *Rush* v. *French*, 1 Ariz. 99.)

*Bennett & Wigginton*, and *T. M. McNamara*, for Respondent.

The relation between the parties was not a partnership. (*Bawder* v. *Lasher*, 5 Lans. 335.)

MYRICK, J.—The rulings in this case appear to have been consistent with the theory of the case adopted by the court; but we think that theory incorrect. The complaint is for money had and received and for services; the plaintiff averring that he and defendant were the owners of certain lands, and that said lands were farmed and ultimately sold, and defendant having received the proceeds thereof, and the proceeds of certain individual property of plaintiff, had failed to pay to the plaintiff his proportion, as well as compensation for his services in and about the farming of the lands. The defendant after denying the receipt by him of the proceeds of sales, averred a partnership between himself and plaintiff, and that all the transactions con-

cerning the said lands and the crops thereof were partnership transactions, and that there had been no final settlement of such partnership affairs.

We are of opinion that the plaintiff's evidence shows the existence of a partnership between plaintiff and defendant as to the lands purchased by them, and as to farming the same, and that plaintiff cannot recover in an action at law, at least until the accounts have been settled.

We are also of opinion that in an action at law or in equity, if plaintiff offered evidence tending to show that defendant had received moneys growing out of their adventures (whether as joint owners or as co-partners), the defendant would be entitled to show that such moneys had been disbursed in the due course of the business, and that whether the disbursement had been by the defendant in person or by the mercantile firm of which he was a member.

It is not necessary to point out each particular ruling and show its error; it is sufficient to say that the case was tried upon a wrong theory. There should have been an accounting between the parties. It was not necessary to have made the members of the firm of Sweet & Co. parties to this action; they had no interest in the partnership affairs as such; they were as to plaintiff and defendant merely factors, agents, account-keepers. Payments made by Sweet & Co., in and about the business of plaintiff and defendant, as such factors and agents, should certainly be taken into account in adjusting the affairs of plaintiff and defendant. How else could equity, even common justice, be done between them?

In the action before us, the only recovery which could be had by plaintiff would be of moneys received by defendant as proceeds of the individual property of plaintiff; and as to such moneys the court erred in not permitting the defendant to show the direction in which those moneys had been disbursed.

Judgment and order reversed and cause remanded.

THORNTON, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.