[Civ. No. 3322.   Second Appellate District, Division One.—September 20, 1920.]

STREETER & RIDDELL, INC. (a Corporation), Respondent, *v.* WILLIAM S. BACON et al., Defendants; FRANK P. BACON, Appellant.

[1] PARTNERSHIP—BUSINESS OF BEAN THRESHING — CONSTRUCTION OF CONTRACT.—A written agreement to engage in the business of threshing beans for hire which provided that certain equipment belonging to one of the parties and that to be purchased by another should be their respective contributions to the business, and another should receive wages only and after reimbursements for advances to pay operating expenses the profits should be equally divided between the contributing owners, constituted a partnership, notwithstanding an express declaration in the agreement that it was not the intention to form a partnership and that neither of the parties should be liable for the acts and obligations of the other.

APPEAL from a judgment of the Superior Court of Los Angeles County.   L. H. Valentine, Judge.   Affirmed.

The facts are stated in the opinion of the court.

A. L. Abrahams and P. B. D'Orr for Appellant.

Robert M. Fulton for Respondent.

CONREY, P. J.—The plaintiff brought this action against William S. Bacon, W. F. James, and Frank P. Bacon, indi-

---

1.   What constitutes a partnership, note, 115 **Am. St. Rep.** 400.

vidually and as partners doing business under the firm name of Bacon & James, to recover a balance due for merchandise sold and delivered to the defendants. From a judgment rendered in favor of the plaintiff, the defendant, Frank P. Bacon, appeals.

On the twenty-eighth day of August, 1918, and prior to the time when the account with plaintiff was opened, the defendants entered into an agreement which reads as follows:

"This agreement made and entered into this 28th day of August, 1918, by and between William S. Bacon and W. F. James, parties of the first part, and Frank P. Bacon, party of the second part, witnesseth: that

"Whereas, the parties of the first part are about to engage in the business of threshing beans and the operating of an outfit for the threshing of beans for hire; and

"Whereas, the above named W. F. James is now the owner of and in possession of a Yuba tractor and horses, harness and other equipment useful and usable in said business; and

"Whereas, the party of the second part has agreed to and is about to purchase one complete thresher, 8 wagons, 1 derrick outfit, nets, etc., 1 cook house, 1 set forks and tools; all at a cost to him not to exceed the sum of three thousand ($3,000) dollars; and

"Whereas, the parties of the first part are unable to furnish the necessary capital to pay the operating expenses, wages, etc., of carrying on said business, and the party of the second part is willing and has agreed to furnish such working capital.

"Now, therefore, in consideration of the premises, it is hereby mutually agreed by and between the parties hereto as follows:

"First: The parties of the first part agree to enter upon and engage in the business of threshing beans for hire, each of said parties to devote his time and best energies to the promotion of said business, and each to do that part of the work for which he may be best fitted, and to receive the daily wage for such work usually and customarily paid to employees therefor.

"Second: The party of the second part agrees to furnish the capital necessary to pay the pay-rolls and operating expenses.

"Third: The equipment belonging to said W. F. James, as aforesaid, and that to be purchased by Frank P. Bacon, shall be used in said business and furnished by the owner thereof as his contribution toward the business; it being expressly understood and agreed that at the end of the present threshing season all equipment furnished by said Frank P. Bacon shall be and remain his sole and separate property, and all of the equipment furnished by said W. F. James shall be and remain his sole and separate property.

"Fourth: All moneys received or earned by the parties hereto in the operation of said business, either as hire for said outfit or in payment for threshing beans, or from the sale of bean straw or beans, shall be deposited in the First National Bank of Van Nuys, California, to the credit of W. N. Hamaker, trustee. From said moneys the party of the second part shall be paid all moneys advanced by him as capital for payment of payrolls, or the carrying on of said business, together with interest thereon at the rate of eight per cent per annum. After the party of the second part has been paid said moneys, with interest, as aforesaid, then all moneys remaining in said account shall be divided equally, one-half ($\frac{1}{2}$) to W. F. James and one-half ($\frac{1}{2}$) to Frank P. Bacon; it being understood and agreed that William S. Bacon, one of the parties of the first part, shall look to said party of the second part for his compensation, and shall be entitled to no part of the proceeds, profits or revenues from the carrying on of said business, except by express agreement and understanding with the party of the second part.

"Fifth: The parties hereto further agree that the bean crop belonging to the party of the second part, and that belonging to said W. F. James, shall be threshed without charge, with the express reservation and condition that each of said parties shall pay the actual cost of such threshing operation.

"Sixth: This agreement shall remain in force and effect during the bean threshing season of 1918.

"Seventh: It is expressly declared that the parties hereto are not by this agreement forming a partnership, nor do

they intend to conduct said business under the terms of this agreement as partners, and neither of the parties hereto shall be liable for the acts or obligations of the other, except as herein expressly provided.

"Eighth: The party of the second part is hereby given a lien and charge upon all moneys, accounts or other things of value had or to be had by the parties hereto by reason of any business done or contracts procured, to secure to him the repayment of the moneys advanced hereunder.

"Ninth: The parties of the first part shall at all times carry an insurance policy with the State Compensation Insurance Fund or some other reliable insurance company, to the party of the second part, covering their liability, under the laws of California, commonly known as the Workmen's Compensation Law, the premium upon which shall be considered operating expense, and be deductible as such from the receipts.

"In witness whereof the parties hereto have signed these presents in duplicate this the day and year first above written.

"(Signed) William S. Bacon,

"W. F. James,

"Parties of the First Part.

"Frank P. Bacon,

"Party of the Second Part."

Immediately before the plaintiff began to furnish the goods which it claims to have sold to the defendants, the defendant W. S. Bacon applied to the plaintiff for merchandise to be furnished in carrying out the contract above set forth, and exhibited said contract, which then and there was read by the president of the plaintiff corporation. Shortly thereafter W. S. Bacon came to the plaintiff's store with his father, the defendant Frank P. Bacon. Frank P. Bacon stated that the boys, referring to W. S. Bacon and W. F. James, were starting a threshing-machine and that he had entered into an agreement with them to finance them on this enterprise, and that all bills would be paid; that the boys were starting a threshing-machine and he was backing or financing them on this enterprise; that accounts opened in the name of Bacon & James were backed by him and would be paid. Thereafter the goods were sold and delivered "to

Mr. William S. Bacon and W. F. James for the firm of Bacon & James."

The defense of appellant is that he was not a member of the partnership; that he did not in writing agree to pay any debt of his co-defendants, and that, therefore, he is not liable in this action.

[1]    We are of the opinion that, notwithstanding the provisions of paragraph 7 of the contract, appellant was in fact a member of the partnership. "Partnership is the association of two or more persons, for the purpose of carrying on business together, and dividing its profits between them." (Civ. Code, sec. 2395.) Relying upon the law as stated in *Coward* v. *Clanton*, 122 Cal. 451, [55 Pac. 147], appellant claims that profit-sharing is not a test of partnership, and that he was not associated with his codefendants for the purpose of carrying on business and, therefore, was not a partner with them. If this be true, it is equally true that W. S. Bacon was not a partner in the business. For it clearly appears by the contract that W. S. Bacon made no investment of capital in the business; that he was to receive a daily wage for his work, and that he had no share in the profits. All of the essential facts necessary to make Frank P. Bacon a member of the partnership, if any partnership existed, are found in this contract. Frank P. Bacon was to make an initial investment in the business and to make continuing investments therein to cover operating expenses as the business progressed, and was to have all of the profits other than the share belonging to W. F. James. Although nominally W. S. Bacon was engaging with James in the described business, the real partner was Frank P. Bacon.

The decision above indicated on the question stated is sufficient to dispose of the case, and the other questions presented need not be considered further than to suggest that if there was no partnership between the parties in the strict sense of that word, then the evidence is sufficient to sustain the court's finding that the goods were sold and delivered "to the said three defendants and each of them," and to warrant the court in holding all of them liable as principals by whom the account was incurred.

The judgment is affirmed.

Shaw, J., and James, J., concurred.