[Civ. No. 2910. Third Appellate District.—September 18, 1925.]

## KIER SINGH, Respondent, v. BASANT SINGH, Appellant.

[1] EVIDENCE—WEIGHT AND SUFFICIENCY—FINDINGS—APPEAL.—In this action, in several counts, for moneys alleged to be due to plaintiff from defendant, and in which the latter, in addition to denying all the items of indebtedness, cross-complained for his alleged share of the profits of a certain partnership consisting of plaintiff, defendant and others, and for moneys alleged by defendant to have been advanced to and for the use of plaintiff, findings having been waived, and judgment having been entered against plaintiff on two counts of his complaint and in his favor on the other counts, and there having been substantial evidence fairly supporting the implied findings of the trial court, such findings were conclusive on appeal.

[2] ID.—INDORSEMENT OF CHECKS—RECEIPT OF MONEY—REBUTTAL OF INFERENCE.—In such action, where defendant testified that he did not receive any money from certain checks drawn in his favor, but delivered them to plaintiff, and such checks were introduced in evidence showing plaintiff as the last indorser, plaintiff's indorsements on the checks were circumstances against him, but his explanation that he simply indorsed them for the purpose of enabling defendant to cash them and did not receive any money from them, if believed by the trial court, was sufficient to overcome any inference which otherwise might be drawn from such indorsements.

[3] ID.—SETTLEMENT OF PARTNERSHIP AFFAIRS—ABSENCE OF NECESSARY PARTIES—ERRONEOUS RULING.—In such action, the affairs

———

1. See 2 Cal. Jur. 876.

2. Parol evidence to vary or explain the contract implied from the regular indorsement of a bill or note, notes 35 A. L. R. 1120; 22 A. L. R. 527; 11 A. L. R. 637; 4 A. L. R. 764. See, also, 19 Cal. Jur. 1025; 3 R. C. L. 976.

3. See 20 Cal. Jur. 829.

of the partnership could not be settled and determined where certain persons in addition to plaintiff and defendant were members of the partnership, the alleged profits of which were the subject of defendant's cross-complaint against plaintiff, and such other persons were not parties to the action; and where the bill of exceptions on appeal merely showed that the trial court sustained an objection to the introduction of testimony pertaining to the partnership on the ground that it was the subject of a suit for an accounting, but did not show the question to which objection was sustained, and it was not shown that the affairs of the partnership had been settled and that plaintiff had received defendant"s share of the profits, the bill of exceptions failed to show that there was any error in the ruling of the trial court.

[4] ID.—NEW TRIAL — NEWLY DISCOVERED EVIDENCE — INSUFFICIENT AFFIDAVITS.—In such action, defendant's motion for a new trial on the ground of newly discovered evidence was properly denied, where the facts presented in his affidavit were wholly insufficient to warrant ·a retrial of the case and there was no showing whatever that they could not have been readily discovered and produced at the trial.

(1) 4 C. J., p. 877, n. 79, p. 884, n. 37.  (2) 8 C. J., p. 1048, n. 21.  (3) 30 Cyc., p. 461, n. 29, p. 722, n. 75.  (4) 29 Cyc., p. 886, n. 5.

APPEAL from a judgment of the Superior Court of Sutter County. K. S. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. E. Davies for Appellant.

Orrin J. Lowell for Respondent.

FINCH, P. J.—The complaint herein states eight separate causes of action against defendant for moneys alleged to be due from him to plaintiff. The answer specifically denies all the items of such alleged indebtedness. The defendant also filed a cross-complaint against the plaintiff, alleging that "on or about the year 1921, plaintiff and defendant were engaged as copartners in raising a crop of rice on the Krehe Brothers ranch near Live Oak, and after the expenses thereof had been paid the net share of this defendant

4.  See 20 Cal. Jur. 84; 20 R. C. L. 292.

amounted to the sum of $1,020 . . . which said sum was collected by the plaintiff herein and appropriated by him to his own use, . . . and the whole of said sum of $1,020 is still due, owing and unpaid from plaintiff to defendant." For a further cross-complaint the defendant alleged that the plaintiff was indebted to him in the sum of $400 for "moneys advanced to and for the use of said plaintiff." [1] Findings were waived and judgment was entered against plaintiff on the second and fifth causes of action stated in the complaint and in his favor on the other counts. Defendant has appealed from the judgment on a bill of exceptions.

Much of appellant's argument is devoted to the weight of the evidence, a question with which this court has nothing to do. It will be sufficient in this respect to ascertain whether there is substantial evidence which fairly supports the judgment.

The first count is for the sum of $142.77 alleged to have been paid by plaintiff for defendant. Admittedly the money was so paid by plaintiff. Plaintiff testified that the money had not been repaid. Defendant testified that he had paid the same to plaintiff. The third count is for board alleged to be due plaintiff from defendant. Plaintiff testified that no part thereof had been paid and defendant testified that he had paid the amount thereof. The fourth count is for "money, goods, wares and merchandise amounting to $256.55." Plaintiff testified that he furnished the same to defendant and defendant testified to the contrary. The sixth and seventh counts are for sums alleged to be due upon defendant's promissory notes. Plaintiff testified that he loaned defendant the amounts represented by the notes and that the defendant executed such notes. Plaintiff's testimony in this respect was corroborated by other witnesses. The defendant denied that he received such sums of money or executed the notes. The eighth count is for a small sum alleged to have been paid for defendant at his request. Plaintiff testified that he made such payment and defendant stated nothing to the contrary. The implied findings of the trial court on the foregoing conflicting evidence are clearly conclusive.

[2] Four checks, drawn in favor of defendant for $226, $108, $100 and $100, respectively, and endorsed on the backs

thereof with the name of defendant in Hindu characters, underneath which appears the name of the plaintiff, were admitted in evidence. The defendant testified that he "did not receive any money from them," but delivered them to the plaintiff. The plaintiff testified relative to these checks as follows: "Each one of these checks has my signature on it as the last endorser. I did not receive the money for any of these checks; I simply endorsed them for the purpose of enabling defendant, Basant Singh, to cash them. I endorsed some of the checks at the request of Basant Singh and some at the request of the bank, but no money was given to me. I never received any of the money nor handled any of it whatever." While the plaintiff's indorsements upon the checks were circumstances against him, his explanation, if believed by the trial court, was sufficient to overcome any inference which otherwise might be drawn from such indorsements.

[3] Appellant contends that the court erred in sustaining plaintiff's objection to his testimony offered in support of the first cross-complaint and in striking out certain parts of his testimony relative thereto. Such testimony and ruling are set out in the bill of exceptions as follows: "In 1920 and 1921 I was in partnership with Kier Singh and other Hindus in raising rice. During the year 1921, I was working for Silva-Bergtholdt Company in Placer County and from February to September, 1921, I gave all my checks which I received from the Silva-Bergtholdt Company for labor to Kier Singh, which was to be applied as my share of the expenses of raising the rice crop. I also had one hundred fifty sacks of seed rice in the Lincoln warehouse in February or March, 1921, the market price of which was about $2.00 a sack and which I gave to Kier Singh for the purpose of sowing that season. The rice was to be raised on 120 acres of the Krehe Brothers ranch near Live Oak, Sutter County, and my share was twenty acres, or one-sixth of the crop. The crop amounted to 3,500 sacks and was stored in the warehouse at Live Oak. I received nothing of my share of this crop. Here the court sustained an objection to the introduction of testimony pertaining to this partnership on the ground that it was the subject of a suit for an accounting and ordered the testimony

stricken out." The question to which objection was sustained does not appear in the record. The cross-complaint was for the defendant's net share of the profits of the partnership, alleged to have been received by plaintiff and appropriated to his own use. It does not appear that the defendant offered to prove that allegation, but the inference from his testimony is that his partners, including others who are not parties to this action, had failed to account to him for his share of the profits. If the partnership affairs had been settled, and if the plaintiff received defendant's share of the net profits thereof, as alleged in the cross-complaint, the defendant should have offered evidence to prove those facts. If the partnership affairs had not been settled, as may be inferred from defendant's testimony, then it is clear that the amounts due the several partners, if any, could not be determined in this action to which some of them are not parties. If there was any error in the ruling of the court the bill of exceptions fails to show it. Appellant contends that he should have been credited with the value of the seed rice which he testified he furnished "for the purpose of sowing that season," the season of 1921. The answer is that the value of the seed rice was a partnership affair, proper to be considered in an accounting between the partners, but not a personal indebtedness of the plaintiff to be offset against the latter's demands stated in the complaint. Such accounting might show that nothing is due defendant thereunder. [4] The defendant moved for a new trial, one ground of his motion being that of newly discovered evidence. Appellant urges that a new trial should have been granted on that ground. The facts set out in the affidavits presented in support of the motion are wholly insufficient to warrant a retrial of the case. Even if such facts were otherwise sufficient, there was no showing whatever that they could not have been readily discovered and produced at the trial, and it is a reasonable inference from the facts stated in the affidavits that they could have been so discovered and produced. The showing necessary to warrant a new trial on the ground urged is clearly prescribed by section 657, subdivision 4, of the Code of Civil Procedure, as follows: "Newly discovered evidence, material for the party making the application, which he could not,

with reasonable diligence, have discovered and produced at the trial.''

·The judgment is affirmed.

Plummer, J., and Hart, J., concurred.