[Civ. No. 6187. Second Appellate District, Division One.—January 30, 1931.]

WALTER BROWN et al., Respondents, v. THOS. D. BARNETT, Appellant.

Victor Ford Collins for Appellant.

Arthur William Green and C. H. Scharnikow for Respondents.

CONREY, P. J.—By the complaint the plaintiffs alleged that on January 12, 1925, defendant received the sum of $1256.50 to and for the use of plaintiffs. The complaint further alleged demand for payment, refusal of payment and nonpayment. The answer of defendant denied that at the time stated or at any time he received said alleged sum, or any sum, to or for the use of plaintiffs; and admitted the demand and refusal of payment.

The findings of fact are that all the allegations of the complaint are true and that all of the allegations of the

answer are untrue. There is a further finding as follows: "That a partnership existed between the above named parties, plaintiffs and defendant, and that each was entitled to an undivided one-third interest in and to the earnings of the business, known as Thomas D. Barnett Company, as conducted at and during the times mentioned in plaintiffs' complaint and that in accordance with said partnership conditions and agreements, there is now due from defendant to plaintiffs the sum of One Thousand ($1,000.00) Dollars."

The record shows that the plaintiffs were permitted to try the case as if the complaint had alleged a partnership between the plaintiffs and the defendant and a series of partnership transactions ending with a dissolution of the partnership; and as if it had been further alleged that after dissolution of the partnership the affairs thereof were in such condition as to require an accounting by the court. To all of this offered evidence relating to a partnership and to partnership transactions the defendant objected upon the ground that the evidence was not within the issues of the case; and that under the allegations of the complaint the plaintiffs did not have a right to thus present an issue of partnership and accounting. Judgment was entered in favor of the plaintiffs for the sum of $1,000. From this judgment the defendant appeals.

There are numerous assignments of error, most of which we need not discuss. ▪ We are satisfied that the court erred in trying this action as an action for an accounting between partners when, as it plainly appears, the pleadings tendered no issue of that kind. "It is well settled in this state, as elsewhere, that one partner cannot sue another upon a demand arising out of the partnership transactions, in the absence of a settlement of the accounts." (*Bull* v. *Coe*, 77 Cal. 54 [11 Am. St. Rep. 235, 18 Pac. 808, 810]; *Jepsen* v. *Beck*, 78 Cal. 540 [21 Pac. 184].) See, also, 21 A. L. R., p. 34 et seq.; 58 A. L. R., p. 623 et seq.

At the trial of this action it was admitted that the accounts of the partnership remained open. The plaintiff White said: "There has not been any settlement since dissolution of partnership. Mr. Barnett refused to settle with us. . . . " The plaintiff Brown, as witness, testified to estimates, according to which the plaintiffs "figured up" the amount which, as he said, constituted an unpaid balance of $1250.50 "coming to White and myself". It is thus ad-

mitted that at the time of commencement of this action, and at all times thereafter, there was no settlement of these accounts.

"It may not at this day be necessary, in order to maintain an action at law against a copartner, or one who had been such, to show an *express promise* to pay a sum of money already ascertained as the balance due, but it is necessary that the balance itself must be one which has been ascertained by the act of *both parties*—in other words, agreed to as constituting a balance due." (*Ross* v. *Cornell*, 45 Cal. 133.)

. The judgment is reversed.

·· Houser, J., and York, J., concurred.