[Civ. No. 9102. Second Appellate District, Division One.—May 16, 1935.]

WILL M. MOSHER, Respondent, v. R. M. HELFEND et al., Appellants.

E. A. Kline for Appellants.

Lester E. Hardy and Bernard B. Laven for Respondent.

ROTH, J., *pro tem.*—The litigants in this action formed a partnership in June of 1925 for the purpose of buying English walnuts in Roumania to sell in the United States, and contributed capital in varying amounts, agreeing, nevertheless, to divide the profits equally. Respondent contributed to the capital of the partnership substantially more than the combined contributions of the two others, who are the defendants and appellants herein. Respondent alleged, and the court found, that they also agreed that in the event a loss were sustained that such loss would be shared equally by all three.

Respondent alleged and the court found, although the record is absolutely devoid of any evidence to sustain said finding, that a loss of $36,700.58 was suffered entirely by respondent. The record does show with overwhelming redundancy that the venture was a failure. An affidavit was introduced in evidence signed by respondent and appellant Helfend which avers under collective oath of the two mentioned, that in the deal in question R. M. Helfend contributed $5,000, Bernson $2,000 and William Mosher $36,000, and then proceeds to recite: "That said B. Berenson" (meaning appellant Bernson), "was a silent partner in said transaction and that said Berenson is indebted to said partnership for his portion of the loss, or profit incurred therein."

What the awesome significance of the said recital is, or what the affidavit or any part of it establishes, except that two of the partners went on record under oath as to the specific amounts that had been contributed by all three, is beyond the grasp of this court. With the exception of the affidavit mentioned (the value or relevancy of which we do not understand), there is not a scintilla of evidence, upon which the finding can be based, that the respondent suffered a loss of $36,700.58.

The amended complaint, upon which the parties went to trial, is by respondent as plaintiff against his two partners as defendants. It alleges a partnership for the purpose and upon the terms mentioned. It alleges a loss suffered by plaintiff in the sum found, and then proceeds to recite that a suit was filed by respondent and appellant Helfend, "doing business as Helfend and Mosher, copartners", against the California Bank, a corporation, "to recover the said loss". Respondent at the trial testified that the suit was brought on

behalf of the partnership with which we are concerned. The amended complaint further alleges that the suit was lost, whereupon demand was made upon appellants for one-third from each of said total loss, which demand was ignored by each and is unpaid. There is no allegation of the dissolution of the partnership or an accounting between the partners and no evidence of either. Bernson testified: "I didn't see Mr. Mosher since I have landed in New York up until I seen him in this court." The trial court found: "That upon ascertaining the loss sustained as hereinabove alleged, the aforesaid partners, believing that they had a good cause of action against the California Bank to recover all or a portion of that loss, agreed that an action should be brought against said bank to recover on such claim; such an action was thereafter brought . . . with the consent of the defendant B. Bernson . . . was prosecuted . . . with reasonable diligence to a final determination, which came about on April 30, 1931, when a judgment against the said partnership became final." And further, "That on said date, to-wit: April 30th, 1931, the winding up of the affairs of the partnership became complete and that at said time, the partnership loss in the walnut venture amounted to $36,700.58."

There is no evidence that the loss was ever ascertained. There is no evidence that Bernson consented to the bringing of suit against California Bank. There is no evidence that on the date of the final determination of the suit against the bank that "the winding up of the affairs of the partnership became complete and that at said time the partnership loss in the walnut venture amounted to $36,700.58".

The record shows that large quantities of nuts were purchased. Whether these were sold, what became of the proceeds of said sale, if sold, and if unsold who had the nuts, nowhere appears. We have scrutinized the entire reporter's transcript, which is both voluminous and redundant in testimony, with more care than respondent has any right to expect, since he has not deigned to file any sort of brief to assist us in an effort to discover evidence which will support the trial court's finding of a termination of the partnership and ascertainment of loss. The only bit of evidence we have been able to discover which even squints at those conclusions is that respondent and Helfend had a conversation in which it

was determined that a lawsuit should be brought against the bank.

It has been already noted that the complaint alleged neither a dissolution of the partnership nor a settlement of account. Even if the facts would support a finding of either, respondent at no time asked or received permission to amend his complaint pursuant to such assumed proof and the complaint has not been amended to allege either or both. Until there has been a settlement or accounting between the partners, the remedy of one against the other is in an equity action for dissolution and accounting, since until an accounting is had, the various rights and liabilities of the parties cannot be determined. (*Johnstone* v. *Morris,* 210 Cal. 580 [292 Pac. 970] ; *De Rigne* v. *Hart,* 94 Cal. App. 209 [270 Pac. 1013] ; *Dukes* v. *Kellogg,* 127 Cal. 563 [60 Pac. 44] ; *Singh* v. *Singh,* 74 Cal. App. 396, 400 [240 Pac. 1025] ; *Brown* v. *Barnett,* 111 Cal. App. 456 [295 Pac. 579].)

In the case of *De Rigne* v. *Hart, supra,* the court says (p. 211) : " . . . since it is a thoroughly established rule that partners cannot sue one another at law in respect to any of the business of the partnership, or to recover damages from the one or the other of the copartners for a breach of the partnership agreement. (*Stone* v. *Fouse,* 3 Cal. 292, 294; *Russell* v. *Ford,* 2 Cal. 86; *Buckley* v. *Carlisle,* 2 Cal. 420; *Nugent* v. *Locke,* 4 Cal. 318, 320; *Pico* v. *Cuyas,* 47 Cal. 174; *Fisher* v. *Sweet,* 67 Cal. 228, 230 [7 Pac. 657] ; *Bremner* v. *Leavitt,* 109 Cal. 130 [41 Pac. 859] ; *Dukes* v. *Kellogg,* 127 Cal. 563 [60 Pac. 44] ; *Rassaert* v. *Mensch,* 17 Cal. App. 637 [120 Pac. 1072] ; *Streeter & Riddell, Inc.,* v. *Bacon,* 49 Cal. App. 327 [193 Pac. 285].) As the foregoing cases say, the remedy is by a suit in equity for a dissolution of the partnership and an accounting and settlement of the partnership affairs.''

Neither can this action be treated as one for a dissolution and an accounting, since the pleadings tender no issues necessary to such a proceeding. In *Brown* v. *Barnett, supra,* this court, speaking with reference to such a situation, says (p. 457) : ''We are satisfied that the court erred in trying this action as an action for an accounting between partners when, as it plainly appears, the pleadings tendered no issue of that kind. 'It is well settled in this state, as elsewhere, that one partner cannot sue another upon a demand arising

out of the partnership transactions, in the absence of a settlement of the accounts'."

The judgment is reversed.

Houser, Acting P. J., and York, J., concurred.