123 Cal.App.2d Supp. 948 (1954)
LEWIS A. SAUSSER, Appellant,
v.
LOUIS M. BARRACK et al., Respondents.
California Court of Appeals. 
Jan. 15, 1954.
 Merideth L. Campbell for Appellant.
 Ralph W. Squier for Respondents.
 BURCH, J.
 Plaintiff brings this action to recover a balance of $2,600 alleged to be due and payable on a promissory note for $15,000 dated December 8, 1948, payable at $300 per month, principal and interest. Defendant Turgon admits his obligation on the note but claims the right of setoff for the $2,600 balance. Defendants had judgment in the court below and plaintiff appeals.
 Plaintiff Sausser and defendant Turgon were equal partners in a furniture business in Chula Vista on December 8, 1948. On that date Sausser, without written notification to Turgon and in violation of the partnership agreement, attempted to sell his interest to defendants Barrack, and received from them the note in question.
 Plaintiff filed a previous action against these same defendants in superior court of this county and state, numbered 150980, seeking reformation, declaratory relief, and recovery of the assets of the partnership he had previously attempted to convey to defendants Barrack. Judgment was entered June 21, 1949, and has become final In that judgment the court found that the attempted sale of Sausser to the Barracks conveyed nothing more than the right to participate in the partnership profits and that no partnership rights of administration or control or interest in partnership assets were conveyed. The court further found that defendant Turgon purchased from defendants Barrack what they had received from Sausser, and in consideration thereof bound himself to meet the obligations of the note.
 In the present action the trial court further found that on said date of December 8, 1948, the books of the partnership were closed and showed Sausser's indebtedness thereon of some $2,600. It was further found that defendant Turgon regularly paid the $300 a month on the note until there remained a balance of $2,724 unpaid, and Turgon then tendered $124 and the asserted setoff of $2,600 in full payment. Sausser refused, declared the whole amount due and brought this suit. Sausser pleaded the statute of limitations against Turgon on the setoff. Judgment went for Turgon. [123 Cal.App.2d Supp. 950]
 In support of the judgment it is suggested that cross-demands existed between Sausser and Turgon to the extent of $2,600 which each canceled the other, citing section 440 of the Code of Civil Procedure, Jones v. Mortimer, 28 Cal.2d 627 [170 P.2d 893], and Sunrise Produce Co. v. Malovich, 101 Cal.App.2d 520 [225 P.2d 973). The difficulty we have with this argument is that what Sausser may have owed to the partnership did not belong to Turgon individually in the absence of an accounting and a judgment for his distributive share following an accounting.
 While it was held in Jones v. Mortimer, 28 Cal.2d 627, 633 [170 P.2d 893], that cross-demands which compensate each other abate the running of the statute of limitations, and to the extent that they do compensate each other they are discharged, that rule cannot be applied to these facts.
 [1] It is also true as held in Sunrise Produce Co. v. Malovich, 101 Cal.App.2d 520, 524, 525 [225 P.2d 973], and Terry Trading Corp. v. Barsky, 210 Cal. 428, 438 [292 P. 474], that it is not "... a valid objection to a counterclaim that it is based upon an unliquidated demand." However, section 438 of the Code of Civil Procedure provides explicitly that a counterclaim "... must tend to diminish or defeat the plaintiff's recovery and must exist in favor of a defendant and against a plaintiff between whom a several judgment might be had. ..." A several judgment between these partners could only be had after the partnership affairs were wound up. No accounting was sought or had here, and we cannot assume it in support of the judgment. [2] A dissolution of a partnership operates only with respect to future transactions; as to everything past, the partnership continues until all pre- existing matters are terminated (Cotten v. Perishable Air Conditioners, 18 Cal.2d 575 [116 P.2d 603, 136 A.L.R. 1068]). Its preexisting obligations must be satisfied and it continues in existence for that purpose (Yahr-Donen Corp. v. Crocker, 80 Cal.App.2d 675 [182 P.2d 209]).
 Consistent with these principles, it has been held that the assets must be converted into cash and the debts paid before a personal judgment can be had (Olmo v. Olmo, 56 Cal.App. 2d 590 [133 P.2d 866]; Hooper v. Barranti, 81 Cal.App.2d 570 [184 P.2d 688]. See, also, Lagares v. Kappas, 82 Cal.App.2d 569 [186 P.2d 471]). [3] It is, therefore, clear that Turgon has not yet acquired a cross-demand against Sausser, nor, until the partnership affairs have been settled [123 Cal.App.2d Supp. 951] according to the requirements of law, has he any claim against the partnership assets for any portion of the $2,600.
 [4] The trial court found in this action that there had been no accounting of the partnership affairs. This precludes the possibility of treating the present action as a final determination of the rights of the partners themselves. (See Brown v. Barnett, 111 Cal.App. 456 [295 P. 579], and Mosher v. Helfend, 7 Cal.App.2d 48 [44 P.2d 1050].)
 It is equally clear that Turgon's claim by reason of his purchase from the defendants Barrack, which only carried Sausser's right to future profits, in no way improved Turgon's claim to the $2,600.
 We hold it was improper to allow the setoff and the judgment must be reversed.
 Turrentine, P. J., and Glen, J., concurred.