124 F.3d 215
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: WOODBOROUGH DEVELOPMENT COMPANY, Debtor.
Bruce J. CANN, Appellant,
v.
WOODBOROUGH DEVELOPMENT COMPANY, Appellee.
 No. 96-15916.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted June 11, 1997.
Decided Sept. 15, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of California, No. CV-94-02564-MHP; Marilyn H. Patel, District Judge, Presiding.
 
 
 2
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and WALLACH.**
 
 
 3
 MEMORANDUM*
 
 
 4
 In sorting through this exceedingly complex case, we appreciate the careful and thorough analysis and findings of fact made by the bankruptcy judge after lengthy trial.
 
 
 5
 We agree with appellant Beta Associates that the district court erred in imposing a 25% increase in Woodborough's damages award. The bankruptcy judge was right to deduct the 25%.
 
 
 6
 The doctrine of "unclean hands" is equitable, not legal, and generally has no application to damages for breach of contract. Behm v. Fireside Thrift Co., 76 Cal.Rptr. 849, 853 (Cal.Ct.App.1969). Though a party with unclean hands may be barred from an equitable remedy for breach, such as specific performance, it is nevertheless entitled to damages for breach. Id. But see Fibreboard Paper Products Corp. v. East Bay Union, 39 Cal.Rptr. 64, 97 (Cal.Ct.App.1964).
 
 
 7
 Even assuming that a defense to an action at law may in some circumstances be subject to a clean hands defense, see Fibreboard, id., the proposition of law is immaterial. The reason why it is immaterial is that the 25% is not properly considered a defense at all. It is an element of the measure of Woodborough's damages. Woodborough promised Beta. 25 cents on the dollar of profits. Therefore the damages which would put Woodborough where it would have been had the contract been performed are 75 cents on the dollar of profits. No defense is needed to hold damages down to what was promised, so a putative clean hands bar on assertion of a possible defense is immaterial.
 
 
 8
 We reject Beta's argument that it should not have been liable for any damages beyond lost profits from six houses. The bankruptcy judge correctly held that Beta did not cause loss of profits on the houses Woodborough hoped to build on the remaining seven lots. The district judge correctly held that this omitted loss of profits from the seven lots to be improved by the CalCom loan. The deal CalCom agreed to was for "construction of all 13 lots with appurtenant offsites, such as, streets, curbs, gutters, sewers, utilities, storm drains, landscaping and street signs. In addition to all of the offsites, our loan will include the construction of 6 individual houses." For breach of a contract that would have led to improvement of all 13 lots, 6 with houses, Woodborough was entitled to damages, as the district court held, for loss of profits from the six houses and the seven improved lots without houses. We therefore affirm the district court's remand for a determination of the damages attributable to the seven lots that would have been improved by streets, sewers, etc., but not to the extent of constructing houses on them.
 
 
 9
 We reject Beta's challenge to what it calls "the bankruptcy court's post trial increase of Woodborough's damages by $384,336." This was not an increase of damages, it was a computation of how the proceeds of an existing account should be allocated, based on the damages determinations. We reject the challenge to the computation because this issue was not raised in district court. Ratanasen v. State of California, 11 F.3d 1467, 1473 (9th Cir.1993); Stanford Ranch, Inc. v. Maryland Casualty Co., 89 F.3d 618, 628 n. 5 (9th Cir.1996). The modifications to the bankruptcy court's computation effected by this decision and the district court's decision to the extent this decision affirms it may change the dollar amount in the computation challenged.
 
 
 10
 We agree with Beta's argument that the bankruptcy court's finding of a joint venture between Woodborough and Beta was clearly erroneous. Though there was an agreement that Beta would share profits, there was no agreement that it would share losses. Beta as lender insisted on a share of profits in addition to interest, as venturous lenders sometimes do. The loan agreement expressly provides that Beta would not be liable for Woodborough's liabilities or debts. That express provision cannot be reconciled with any inference of an implied provision that Beta would share Woodborough's liabilities.
 
 
 11
 Holtz v. United Plumbing & Heating Co., 319 P.2d 617, 620 (Cal.1957) (in bank), is of no help to Woodborough, because it says "in the absence of agreement to the contrary," and here, there was an agreement to the contrary. Similarly, in San Joaquin Light & Power v. Coutaloupes, 274 P. 84, 88 (Cal.Ct.App.1929), there was also no provision in the purported loan agreement for repayment or interest, but in this case there was express agreement for both. In April Enterprises, Inc. v. KTTV, 195 Cal.Rptr. 421, 427 (Cal.Ct.App.1983), there was no loan arrangement nor was there any document disclaiming an agreement to share losses is in this case; instead, there was merely an agreement by one party to contribute capital to the venture and by another to contribute services without taking the possibility of losses into account. One case which suggests comparable facts led to a conclusion that where the defendants held themselves out to be joint venturers, they might be liable as such to ignorant third parties. E.g., Streeter & Riddell, Inc. v. Bacon, 193 P. 285, 286 (Cal.Ct.App.1920). Unlike a third party ignorant of the relationship between the two, however, Woodborough cannot have been ignorant of its express agreement with Beta not to share responsibilities for debts and liabilities.
 
 
 12
 Beta's cooperation with Woodborough, and its efforts to make the project a success until the receiver took over Beta, do not turn it into a joint venturer. Just as a landlord has an interest in its tenant's success so that it can pay the rent, and a seller has an interest in its buyer's success so that it can pay for the goods, a lender has an interest in its borrower's success so that it can repay the loan.
 
 
 13
 Our conclusion that the bankruptcy court erred in its joint venture determination, however, makes no difference to the outcome. The damages awardable for breach of contract and breach of a joint venture would be the same in the circumstances of this particular case.
 
 
 14
 We reject Beta's contention that the bankruptcy court plainly erred in concluding that it breached its contract. Beta persuasively argues that reconvening, as CalCom required, reduced its security materially more than subordinating, and all it originally agreed to was subordination. But the bankruptcy judge did not plainly err in concluding that the parties agreed upon this modification. Beta argues that the modification required consideration under California Civil Code § 1698(c), because it was oral. But the November 13, 1986 letter expressly in writing provides for "reconveyance." If the modification were construed as an oral unexecuted modification, we would reach the same conclusion, because of the consideration noted by the district judge, and the additional consideration to Beta that the other parties Woodborough and CalCom, proceeded in a deal that Beta wanted for the interest and the 25% equity kicker.
 
 
 15
 We reject Beta's argument relating to the covenant of good faith and fair dealing. Breach or not, in the circumstances of this particular case, makes no difference, as the bankruptcy court correctly determined. The damages are the same either way.
 
 
 16
 We remand for a recomputation of damages in accord with the conclusions reached in this disposition: (1) that for Beta's breach, Woodborough is entitled to the 75 cents on the dollar of profits it would have received had the contract been performed; (2) Woodborough is not entitled to the additional 25 cents on the dollar promised to Beta; (3) Woodborough is entitled to lost profits for the houses to be built only on the six lots that the CalCom loan would have built houses on; (4) Woodborough is entitled to the loss of profits from the seven additional lots that would have been improved by streets, sewers, etc., but not houses.
 
 
 17
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 
 **
 The Honorable Evan J. Wallach, Judge of the United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3