532          HODGSON *et al. v.* BALDWIN *et al.*          [Sept. T.,

Syllabus.

65  532
64a 457

# AARON HODGSON *et al.*

*v.*

# ELMER BALDWIN *et al.*

1. CHANCERY JURISDICTION—*bill by members of a voluntary association to settle its affairs and compel others to contribute their share of its liabilities.* Where a voluntary association had been formed for buying and selling goods, and it had been determined to close the business, and its assets had all been disposed of, leaving considerable outstanding liabilities, and there was no means of discharging the same except by contributions of its several solvent members, and a part of these refused to pay their just share to enable the directory to wind up its affairs, a portion of the members filed their bill in chancery, making all the solvent members parties, seeking to have an account taken of the liabilities, and each solvent member compelled to pay his just share of the same. It was objected that a court of chancery had no power to decree the relief sought, because the complainants had not paid any debts, and hence they were not entitled to call upon the other members for contribution: *Held,* that the bill was not for contribution, but to settle a partnership difficulty, which the majority were desirous of settling, and which a minority were resisting; that the insolvency of the association as an organized body, was ample to confer jurisdiction on the court when considered with reference to the peculiar character of the association; that the court on such bill was fully authorized to ascertain the amount of the indebtedness, and require each solvent member to pay his *pro rata* share thereof; and that the defendants had no right to require that the complainants should first pay the debts and take their risk of making the defendants contribute.

2. PARTIES IN CHANCERY. Where a bill in chancery was filed by certain members of an unincorporated association after it had ceased business, and applied all its assets, and there was nothing left for the payment of a large indebtedness, to ascertain such indebtedness, and require the several members to pay their just and equitable share thereof, it was objected on error that the creditors of the association ought to have been made parties: *Held,* that while it would have been better to have made them parties, this was no ground for reversing the decree, as it required the several members to pay the sums adjudged against them to one of the board of directors of the association, who was required to give security for the application of the moneys coming to his hands. In this respect he was made a trustee for the creditors.

3. CONTRIBUTION. The doctrine is well settled that where two or more are jointly or jointly and severally bound to pay a certain sum of money,

and one or more of them is compelled to pay the whole debt, or more than his or their share, those paying may recover from the delinquents the proportion they ought to pay.

4. PARTNERSHIP—*nature and extent of liability of members of association.* As between themselves each member of an unincorporated association, after the exhaustion of all the assets of the company, is bound to pay his proportion of the debts of the concern, but as to the creditors, each member is liable for all the debts, the same as in ordinary partnerships.

WRIT OF ERROR to the County Court of La Salle county; the Hon. P. KIMBALL LELAND, Judge, presiding.

Messrs. MAYO & WIDMER, for the plaintiffs in error.

Messrs. BLANCHARD, SILVER & CORWIN, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

Plaintiffs in error state the case thus, and, as the record shows, correctly:

In the spring of 1864, an association called "The Farm Ridge Union Store," was organized in the county of La Salle, and engaged in buying and selling merchandise. The purposes of its organization were to enable its members to obtain goods at actual cost, and to derive profit from sales at ordinary retail prices to outsiders—to those not embraced in the organization. A constitution or set of rules for the government of the association was adopted, and a president and other officers, including a board of three directors, were elected.

The constitution provided, among other things, that any person might become a member of the association by paying for one share of stock ten dollars, and subscribing his name to the constitution; and that any member might withdraw from the association by giving notice. It also provided that the directors and other officers should be elected at the annual meetings to be held on the second Monday of January of each year, and that the directors should have the management of the financial affairs of the association.

534      HODGSON *et al. v.* BALDWIN *et al.*     [Sept. T.,

Opinion of the Court.

At its organization about twenty-five persons became members of the association, others joining it afterwards. Some of the members died, and some withdrew prior to its suspension of business. At a meeting of the association held on the 23d of January, 1860, the directors were requested, by a resolution adopted by the members, to conduct the business with the view to close out the concern within one year, and the clerk was instructed not to sell goods thereafter on a longer credit than thirty days.

At a subsequent meeting held in January, 1861, the clerk was instructed to sell goods to all persons at the same price he sold to the members of the association.

At the annual meeting held on the 13th of January, 1862, the last election of officers was had, at which Elmer Baldwin, Robert Keely and Beebe Clark were chosen directors, when the meeting adjourned to the 19th of February, 1862. On this day a meeting was had, at which the directors were instructed to advertise the stock of the association for sale, in the papers published in Ottawa and Chicago, until the first of the following April; and if not then sold, to close out the concern in such way as the proprietors might direct. Such advertisements were made, but the stock was finally closed out by auction in the spring of 1862, after which the association discontinued business.

On the 30th day of July, 1869, defendants in error filed their bill in chancery against their surviving associates, in which bill they set out the manner and purposes of the. organization; claiming it was a partnership; also, who were its members; who were the surviving members; the abandonment of the business in the spring of 1869; the financial condition of the association at that time, and a contribution, by some of the members, in March, 1865, of more than five thousand dollars toward the discharge of the indebtedness, alleging that at the time of filing the bill of complaint the indebtedness amounted to seven thousand dollars, the principal creditors being four in number, and in different amounts; and it is alleged in the

bill that the complainants and a majority of the members of the association have been ready and have made efforts to effect an amicable settlement of its business, but that a minority of the members refuse to contribute toward the payment of this indebtedness.

The prayer of the bill is, that the court will decree a settlement, that an account be taken and that the indebtedness may be decreed to be paid by the solvent members of the concern.

Answers under oath were required. Appellants, with some of their associates made co-defendants, filed their joint and several answers under oath, in which they admit the organization of the association, and their own membership, but deny that such membership, under the constitution of the association, constituted them partners as among themselves, or as to third persons. They further answered that they had no means of knowing the financial condition of the association in 1862, as exhibited in the bill of complaint, nor the amount of its indebtedness, nor the names of the creditors, on what account the indebtedness was incurred, nor when it accrued; neither admitting nor denying the allegations in the bill in that behalf, but calling for strict proof of the same.

Proofs were taken in the cause, which showed the indebtedness of the association to amount to seven thousand two hundred and fifty-seven $\frac{74}{100}$ dollars, as appeared by the deposition of appellee Baldwin, taken a short time prior to January term, 1871.

The decree of the court is very full, and enters into all the particular matters of the association as shown by the testimony.

By the decree the indebtedness is found to be seven thousand six hundred and twenty $\frac{67}{100}$ dollars, besides the costs of suit. The decree adjudges that the solvent members of the association who have not paid their contributory shares are liable to pay this indebtedness, and the decree finds there are sixteen members thereof who are liable to contribute to the

536          HODGSON *et al. v.* BALDWIN *et al.*     [Sept. T.,

· Opinion of the Court.

discharge of this indebtedness, of whom four were complainants in the cause, namely : Elmer Baldwin, who was adjudged to contribute $665; Robert Keely, $750.12; Samuel Walhigh $625.12, and Charles A. Gilbert, the legal representative of Beebe Clark, who had died during the pendency of the suit, the like sum of $625.12, to be paid in due course of administration.

Aaron Hodgson, one of the plaintiffs in error, was adjudged to contribute $912.12, and Eli Hodgson, the other plaintiff in error, the sum of one hundred and sixty-nine $\frac{35}{100}$ dollars. Each of these contributions was to be paid in thirty days from the rendition of the decree, and, in case of default, execution to issue. It was further decreed that Robert Keely, one of the complainants, be the commissioner to receive these moneys, and apply them to the indebtedness of the association, and was placed under a bond in ten thousand dollars, with Elmer Baldwin, a co-complainant, as security, conditioned for the faithful performance of his duties as such commissioner. Complainants were taxed each with 1–45 of the costs, and plaintiff in error Eli Hodgson with 1–45, and Aaron Hodgson with one-eighth of the remainder of the costs.

To reverse this decree, some of the defendants have joined in a writ of error, and bring the record here.

Plaintiffs in error Aaron and Eli Hodgson contend that the complainants were not entitled to a decree against any of the defendants for contribution, upon the allegations of their bill.

Plaintiffs in error say there was a partnership between these parties composing this association, and they have not made the creditors of the association parties to the bill, and do not ask that the contributions to be collected under the decree be paid to the creditors; nor do they ask for a dissolution of the partnership; nor do complainants claim they have paid their *pro rata* shares of the indebtedness of the association, nor that the association is indebted to them; nor do they claim that any of the defendants are in any manner indebted to the

association, or that they have now, or ever had, any partnership property for which they should account, or which they should be compelled to apply to the indebtedness of the association; nor do they pretend that under the constitution adopted by the association, they have any other or different grounds for compelling the defendants to contribute toward the discharge of the common indebtedness, than they would have were the relation between them and the defendants that of ordinary co-partners.

The first point made by plaintiffs in error is, that one partner, assuming this association to be partnership, can not, when the partnership funds are exhausted and it is still in debt, compel a co-partner, by bill in chancery, to contribute toward the discharge of the joint indebtedness, the party suing not having himself paid his own ratable share of such debt.

Counsel seem to consider this a bill for contribution by one or more partners against their co-partners, and has so argued the case. Was it such a bill, the authorities he has cited would sustain his position. The doctrine is well settled, when two or more are jointly, or jointly and severally, bound to pay a certain sum of money, and one or more of them is compelled to pay the whole debt, or more than his or their share, those paying may recover from the delinquents the proportion they ought to pay.

This principle is quite familiar, and was recognized by this court in *Johnson's Admrs.* v. *Vaughn, ante,* 425.

But this is not a case of contribution. It is a proceeding to settle a partnership difficulty which the majority of its members desire should be settled, but are resisted in their efforts by a small minority. The assets are found insufficient to discharge the debts against it. The creditors are clamoring for payment, and demand of the board of directors that their claims should be adjusted and paid. It is to this board the members of the association have confided the management of the financial affairs of the association. Art. 7. These

directors are members of the association, and equally bound with the other members for the payment of its debts and liabilities. As between the members, each is bound to pay his proportion of the debts; but as to the creditors, one member is bound for all the debts.

Should those members who are willing and desirous of paying the debts carry out their wishes and pay, then a case would be made for contribution against the unwilling. By so doing they would necessarily incur much hazard, to which the reluctant members have no right to expose them.

An attempt was made in 1865 to adjust all the matters pertaining to the association by a resort to arbitrators, mutually chosen, who made their award. In pursuance of their award four of the complainants paid the amounts awarded against them; but the other members, among them plaintiffs in error, refused to pay their *pro rata* shares awarded against them.

Under these circumstances a resort to a court of equity was the only recourse. And what more just and equitable than the demand that the amount of the indebtedness shall be judicially determined, and each member decreed to pay his proportionate share thereof?

As we have before said, it is not a bill for contribution, for complainants do not pray that any money shall be paid to them—they do not complain they have paid more than their proportion; and the decree finds that all the complainants are chargeable with a certain proportion of the outstanding indebtedness. The complainants ask nothing of the court on their own especial behalf, but only that the affairs of the association shall be finally adjusted, and each solvent member compelled to pay what equity and justice demands he should pay. This is a case peculiarly within the cognizance of chancery.

Another point made by plaintiffs in error is, that the creditors of the association are not made parties to the bill.

We concede it would have been better to have made the creditors parties, but they can not, in any event, be injured

by the decree.   The assets of the association, when realized under the decree, are placed in such a position that they can not be losers.   As by article 7 of the constitution of the association, the board of directors were to manage its financial affairs, the court might, with great propriety, direct the payment to one of them, of the several amounts found due from each member, for the purpose of paying the creditors, requiring sufficient security, as was done, for it is not suggested there was any deficiency in that respect.   Complainants are the directors of the association. One of them is made, by the decree, a trustee for the creditors, and another, whose responsibility is not questioned, is the security.

The question of the jurisdiction of the court below is raised for the first time in this court.   In addition to what we have said on that point, it may also be urged that, as to the creditors of this association, the association as an organized body was insolvent, and that circumstance was ample to confer jurisdiction when considered with reference to the peculiar character of the association.

A very difficult, harassing, and somewhat complicated controversy has been adjusted by this decree, and, as we think, on strictly equitable, as well as legal principles, and with substantial fairness to all the parties interested, and we are very unwilling to disturb it.

Some exception is taken by plaintiffs in error to the rule adopted by the court, by which to ascertain their *pro rata* shares of the aggregate indebtedness.   It is the rule of simple proportion by which partnership matters of this kind are commonly adjusted, and it was judiciously applied to this case.

Perceiving no error in the decree, the same is, in all things, affirmed.

*Decree affirmed.*