CAULKINS v. LAVIGNE.

1. ACCOUNTING —CONTRACTS —INVENTIONS— PATENTS —EQUITABLE INTEREST.

Complainants and defendant L. entered into a contract, in which it was recited that L. had invented an automobile and was desirous of securing funds for the purpose of buying materials for its construction; that complainants would advance money up to the sum of $1,200; that L. would devote his time and labor to perfect the machine and to secure patents upon his inventions; and that the parties, if complainants considered the automobile a success, would incorporate on the basis of two-thirds to complainants and one-third to L. Complainants advanced more than the amount agreed upon, and, not being disposed to make further advances, indicated to L. that, if he could find an opportunity to dispose of the automobile and the patents so as to get out the money they had invested, they would be satisfied with such arrangement. L. interested the defendant corporation in his inventions and turned over to it the machine and the patents in consideration of $10,000 of stock in defendant company. *Held,* that credit was not extended to L. to the amount of complainants' investment, and that complainants had an equitable interest

in the proceeds of the machine and patents which would only
be protected in a court of equity.

2. Same—Decree.
   On such bill, a decree against defendant corporation for the pay-
   .ment of an amount of money cannot be sustained, since to
   so hold would be to create a new contract between the
   parties.

Appeal from Wayne; Sharpe, J., presiding. Submit-
ted January 12, 1909. (Docket No. 70.) Decided March
30, 1909.

Bill by Edward B. Caulkins and others against Joseph
P. Lavigne and the Bloomstrom Manufacturing Com-
pany to establish certain rights under a contract, and for
an accounting. From a decree for complainants, defend-
ants appeal. Modified and affirmed.

*Prentis & Mulford*, for complainants.

*Oscar M. Springer*, for defendants.

Montgomery, J. On the 6th of December, 1906, the
defendant, Joseph F. Lavigne, of the first part, and the
four complainants, as parties of the second part, entered
into a contract reciting that Lavigne had invented a fric-
tion disc automobile, and was desirous of securing suffi-
cient money for the purpose of buying materials necessary
to construct an automobile with gasoline engine complete,
and had requested parties of the second part to raise $1,200
with which to pay all the expenses of building said auto-
mobile. It was thereupon agreed that the parties of the
second part should furnish $1,200 required, and that the
party of the first part should devote his time and labor in
building, and his rights to said automobile and engine, on
the condition that, when the automobile was completed
by the party of the first part, the parties to the agreement,
provided they considered the automobile a success, should
incorporate a company, to be capitalized at $50,000, of
which $15,000, the par value of the stock, should be shared

one-third to the party of the first part and two-thirds to the parties of the second part, the balance of the shares to remain in the treasury of the company. The party of the first part also agreed to take out patents on said automobile engine, provided it was found patentable, and, when received, to assign, sell, transfer, and set over to the corporation or to the parties of the second part all his right, title, and interest in and to said patent by a sufficient conveyance, and that the parties of the second part, or the corporation, should have the benefit of all patents and improvements that the first party might make on said automobile. The parties entered upon the performance of this agreement, and constructed an automobile which was run to some extent, the complainants having advanced therefor the sum of $1,652.78, instead of $1,200 as agreed, and the complainants, not being disposed to advance more money, indicated to the defendant Lavigne that, if he could find an opportunity of disposing of the automobile and patents so as to get their money out, they would be satisfied with such an arrangement. Lavigne proceeded to interest the defendants the Bloomstrom Manufacturing Company in the enterprise, and turned over to them the automobile that was manufactured at the expense of the complainants, and also the patents which he had upon the invention, in consideration of $10,000 of stock in the defendant company. Upon learning of this transaction, complainants filed this bill, averring that the defendant company, through its officers, were acquainted with the rights of the complainant when they became purchasers from Lavigne, and asking that their rights be protected to the automobile and engine and to the patents, and that the defendants be required to transfer the same to the complainants. The answer of defendants denies that the Bloomstrom Company was a purchaser with notice. Lavigne also avers that complainants gave him authority to dispose of this automobile, and that he was acting within his authority when he sold to the defendant company. The case was tried in open court before Hon. Nelson

Sharpe, of the thirty-fourth circuit, sitting in the Wayne circuit, and a decree entered affirming the complainants' right to a two-thirds interest in the automobile and patent rights, and decreeing that the defendant Lavigne pay to the complainants the sum advanced, with interest from the 13th of September, 1907, within 40 days, and that, in case of his failure to pay, the complainants recover the sum from the defendant, the Bloomstrom Manufacturing Company. It was further adjudged that the complainants have a lien upon the automobile engine and patent rights mentioned in the bill of complaint to secure the payment of the sums of money so far as decreed, and that, in case the Bloomstrom Manufacturing Company should be required to make payment, said company should have a lien upon the stock standing in the name of Lavigne on the books of the Bloomstrom Manufacturing Company to secure the repayment of the sums so paid by defendant. From this decree both defendants appeal.

The testimony on the trial as to the knowledge of defendant's officers of the complainants' rights in this automobile was conflicting, but the circuit judge, who saw the witnesses, was convinced that the officers of the defendant company did have knowledge of the complainants' equities. Upon full consideration we are not disposed to disturb this finding.

It is also contended that the testimony shows that the defendant Lavigne was given authority by the complainants to dispose of the property as best he might, and pay to the complainants the amount that they had invested. We are satisfied, upon a careful reading of the record, that none of complainants ever understood, nor did defendant Lavigne understand, that credit was to be extended to defendant Lavigne to the amount of money advanced by complainants. Defendant undoubtedly was authorized to enter into negotiations and to attempt to make a disposition of the property, subject to the approval of the complainants, but it was, of course, expected that, when such disposition was to be made, they would

be consulted and their rights protected. It is therefore obvious that defendant having taken this property in which complainants had the larger interest, and without authority disposed of it to the defendant the Bloomstrom Manufacturing Company, complainants should be entitled to some remedy to recover their interest therein.

It is contended by the appellant that this is not a case for specific performance, the ground of contention being that the contract is unequal, and that there is want of mutuality in that it was optional on the part of the complainants whether they would go on with the contract or not. As a matter of fact, the contract provided that, if they considered the automobile a success, they should go on and incorporate the company. Of course, good faith would be required in determining whether it was a success, and, if it were not, in their honest belief, it could be said that they would not be required to go on. We need not determine whether this was an optional contract in such a sense that a court of equity would refuse specific performance, as we do not regard this bill as a bill for specific performance. It is a bill to adjust acquired property rights between parties who occupy a relation analogous to that of copartners. The complainants' money has been invested in this property. As complainants they complied with all that was required of them by their contract and more to entitle them to a two-thirds interest in the manufactured automobile and patents, and it would seem clear that they have a right to have that interest protected in some court, and to an accounting. In other words, they have a present equitable interest in the automobile and in the patents, and a court of equity is the only court that can give them adequate relief.

As to the form of decree, the evidence offered by the defendant shows that the stock received by Lavigne was of the value of $10,000. He has therefore received a sum far in excess of the amount invested by complainants, and is not in a position to complain of a decree for this amount.

Complainants, we think, are also entitled to a lien upon the automobile and an interest in the patents transferred to the Bloomstrom Manufacturing Company, and also to a lien upon the stock which represents the purchase price of said patents and automobile in the hands of an innocent purchaser not subject to be reached. In other words, the complainants would be entitled to follow the proceeds.

We think, however, that in one respect the decree should be modified. A conditional money decree was given against the Bloomstrom Manufacturing Company. We do not know upon what authority this can be done. Their supposed interest in the patents and the model may be reached, but the court cannot create a contract between the complainants and them and require a payment for this model and patent in any way except that in which they have contracted to make it.

In other respects the decree will stand affirmed.

In view of the modification of the decree, no costs will be awarded to either party in this court.

BLAIR, C. J., and GRANT, OSTRANDER, and MOORE, JJ., concurred.