[Civ. No. 5746. Second Appellate Distirct, Division Two.—April 9, 1930.]

FRED N. GELBACH, Respondent, v. L. D. DEWEY, Appellant.

Eugene C. Campbell for Appellant.

Stephen H. Underwood for Respondent.

NORTON, J., *pro tem.*—In this action the plaintiff recovered judgment against defendant, who was one of the comakers with plaintiff of a joint and several promissory note executed and delivered by the makers to the California National Bank of Long Beach. The plaintiff alleged in his complaint and the court so found that on the second day of January, 1926, at Long Beach, California, the plaintiff, defendant Dewey, R. D. Marshall and Susan Gelbach, who is the wife of plaintiff, made and delivered to the California National Bank of Long Beach their joint and several promissory note in writing in the sum of $5,500, payable 120 days after date; that at maturity of said note the said bank demanded payment of the note and, the plaintiff did pay the full amount of the principal of the note and $450 of accrued interest; that at the time of the execution of the note the defendant, the plaintiff and Marshall each agreed to pay at maturity one-third of the principal and interest of said note. In accordance with these findings the court concluded that plaintiff was entitled to recover the sum of $1983.34, being one-third of the amount paid by plaintiff in satisfaction of the said note and judgment was entered accordingly. ■ The principal ground of appeal is that the finding that the defendant agreed to pay one-third of the principal and interest of the note is not supported by the evidence. A careful examination of the record in our opinion reveals no evidence to warrant this finding and none has been called to our attention by the respondent which would justify it. The fact appears to be, and the plaintiff so testified, that at the time the note was signed "nothing was said about it." The conclusion is therefore compelling that there was no express agreement between the plaintiff, Dewey and Marshall that each should pay one-third of the note which evidenced their common debt to the bank. The finding is also contrary to the evidence. ■ From the facts shown by plaintiff upon the trial no implied promise arose upon the part of Dewey to pay in excess of one-fourth at most of the joint indebtedness. The note being the joint contract

of the parties, their liability was presumed equal in the absence of evidence to the contrary. (*Bunker* v. *Osborn,* 132 Cal. 480 [64 Pac. 853]; *Owens* v. *Blackburn,* 161 App. Div. 827 [146 N. Y. Supp. 966].) ▌ Respondent, however, contends that the evidence shows that Susan Gelbach, the wife of plaintiff, was an accommodation maker for the other parties and therefore not liable to make contribution. There is slight, if any, evidence to sustain this contention, and such evidence as there is in the record can be said to merely create a suspicion that the fact is as claimed by plaintiff. Moreover, it was not made an issue by the pleadings and no finding in that regard was made by the court. If the plaintiff claimed that Susan Gelbach was a mere accommodation maker on the note he should have so alleged in his complaint.

In view of the contention of appellant and the holding here that the finding of the trial court that the defendant agreed to pay one-third of the amount of the note is not supported by the evidence it is unnecessary to consider appellant's argument in support of the claim that the payment by plaintiff of defendant's proportionate share of the note was voluntary.

▌ The evidence was sufficient if believed by the court to support the finding that defendant did not sign the note as an accommodation maker and as surety for plaintiff. There is sufficient evidence in the record to support the finding and for the court to conclude that this loan was obtained by plaintiff, Dewey and Marshall from the California National Bank of Long Beach for the use of an oil syndicate for which they were trustees and in which they were financially interested and not for the accommodation of plaintiff. The finding that the plaintiff did not agree to hold the defendant harmless from the payment of the note likewise finds sufficient evidence to support it.

▌ The action is an action for contribution. The agreement alleged to have been made at the time the note was made as to how the payment should be shared is not inconsistent with their joint liability. It was not binding upon the bank as it was not party to it. The only purpose the agreement could have served was to acknowledge that plaintiff and defendants were cosureties to the extent of one-third of the debt. The parties to the note were still

jointly liable to the bank for the full amount thereof and if any of them were compelled to pay more than his share he was entitled to contribution from his associates who failed to pay. (*Flickinger* v. *Price,* 165 Iowa, 570 [146 N. W. 738].)

The judgment is reversed.

Craig, Acting P. J., and Thompson (Ira .F.), J., concurred.