BIGGS *v.* DAVIS.

Opinion delivered November 30, 1931.

J. A. *Tellier* and *Grace W. Tellier*, for appellant.

*Sam T., Tom* and *Donald Poe,* for appellee.

KIRBY, J., (after stating the facts). The statute requires the clerks of courts of record in entering judgments and decrees to leave a space or margin on the record for entry of memorandum of satisfaction thereof and to enter such satisfaction in certain instances, and that, whenever a judgment is satisfied otherwise than by execution, it shall be the duty of the party or his attorney within sixty days thereafter to enter satisfaction in the judgment books by writing the words "satisfied in full" with the date of the entry and the signature of the party making it. Sections 6280-81; 6325-26, Crawford & Moses' Digest. The statute also provides by whom the satisfaction of a judgment may be entered and the effect thereon. Expressly, "Satisfaction entered in accordance with the preceding provisions shall forever discharge and release the judgment or decree." Section 6330, Crawford & Moses' Digest. See also *Gordon* v. *Moors,* 44 Ark. 349, 51 Am. Rep. 606.

Hodges was a joint judgment debtor. The appellant concedes the judgment was satisfied in full as to him

and set out in his petition to revive the judgment against appellee that it was satisfied in full as to Hodges. Appellee was a joint maker of the note, upon which judgment was rendered against both Hodges and himself, each of them being bound to the payment of the whole amount thereof, so far as the judgment creditor is concerned, with the right of contribution against the other as between themselves. This right of contribution was necessarily destroyed by the satisfaction of the judgment as to one of the debtors for a substantially less amount than one-half thereof, and deprived appellee, the other judgment debtor, of any right to contribution in case of his having to make payment of the judgment without any consent or any fault on his part, and must be so far as he is concerned held to release him also from a liability upon said judgment satisfied in full as to his co-obligor. *Tankard* v. *First National Bank of Fort Smith,* 124 Ark. 154, 187 S. W. 160; 4 Page on Contracts, § 2456, pp. 4349-50; *Whiting and Slak* v. *Beebe Bros.,* 12 Ark. 421.

Appellant insists, however, that there was no intention to satisfy the judgment as against appellee, as expressly stated in the entry of satisfaction thereof as to Hodges, "but said judgment is not satisfied as to Wallace Davis"; and that the entry of satisfaction must be considered only as a covenant not to sue Hodges leaving the other joint judgment debtor liable to the payment of the judgment.

In *Pettigrew Machine Co.* v. *Harmon,* 45 Ark. 290, the distinction between a release of a debtor and a covenant not to sue is fully discussed, and it was there said that the whole instrument should be considered together in determining whether it was intended by the parties to be a release and to remit the claim or merely to create a covenant undertaking not to sue one of the parties. In that case there was an express reservation of liability of the other obligors, and it was held that the effect of the instrument was to constitute merely a covenant not to sue. It is true this entry of satisfaction of judgment states: "but said judgment is not satisfied as to Wallace

Davis''; the entry of satisfaction as to Earl W. Hodges, the other judgment debtor, is, in the language of the statute, ''satisfied in full'' as to him, and the effect thereof is declared as a discharge or release of the judgment. There can be no question of the intention being other than the effect as prescribed by the statute in the use of the words for showing satisfaction of the judgment, and it cannot therefore be held to be only a covenant not to sue contrary to the meaning of it as declared by the statute in conformity with which it is executed. There was no entry of satisfaction of the judgment upon the record in accordance with the statute in the case of *Hadley* v. *Bryan*, 70 Ark. 197, 66 S. W. 921, wherein a release to one of the parties was held to be only a covenant not to sue, and the case is not controlling here.

It follows that no error was committed by the court in sustaining the demurrer and dismissing the complaint. The judgment is accordingly affirmed.