## CARTER v. LECHTY et al.
### No. 9964.

Circuit Court of Appeals, Eighth Circuit.
June 23, 1934.

Ralph H. Munro, of Fairfield, Iowa (Roberts & Roberts, of Ottumwa, Iowa, on the brief), for appellant.

Roscoe P. Thoma, of Fairfield, Iowa (Leo D. Thoma, of Fairfield, Iowa, on the brief), for appellees.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

WOODROUGH, Circuit Judge.

On involuntary petition in bankruptcy the respondent Harley Carter defended, amongst other grounds, upon a denial that one of the three petitioners, namely, Cora A. McClain, had a claim against him provable in bankruptcy. The issue was submitted with others to a jury which returned a verdict of guilty, and adjudication was made. Mr. Carter appeals, having stipulated in writing that: " *   *   * The sole question to be submitted to the Court of Appeals on this Appeal is whether or not it has been legally established that the petitioner Cora A. McClain had or has a provable claim and was qualified as a petitioning creditor within the meaning of the Bankruptcy laws. *   *   * "

The finding of the jury was advisory merely, and the question is for review by this court like other fact findings in equity cases. Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672;

In re Neasmith (C. C. A.) 147 F. 160; Carpenter v. Cudd (C. C. A.) 174 F. 603, 20 Ann. Cas. 977; Moore v. Yampa Mer. Co. (C. C. A.) 287 F. 629.

Examination of the evidence convinces that Cora A. McClain became and was jointly obligated with the bankrupt Carter upon five certain promissory notes executed on the 15th day of October, 1927, to one Maude S. Trimble. Four of said notes were for $200 each, drawing interest at the rate of 6½ per cent. per annum; such interest being represented by coupon notes attached. One of the four notes was due October 15, 1928, and one each year thereafter up to and including October 15, 1931. The fifth note was for $2,600, due October 15, 1932, bearing interest at 6½ per cent. per annum with interest coupons thereto attached for $169 each, the first of which was due October 15, 1928, and one each year thereafter up to and including October 15, 1931. That each and all of said notes were secured by a real estate mortgage upon certain lands in North Dakota. That it was the understanding and agreement of the makers of the notes as between themselves that it was the obligation of Cora A. McClain to pay one-fourth thereof and the obligation of Harley Carter to pay three-fourths thereof. That on the 21st of April, 1932, suit was brought against Cora A. McClain by attachment of her lands in Stutsman county, N. D., upon the $200 note due October 15, 1930, and the coupon note attached thereto, and also the $200 note due October 15, 1931, and the coupon note attached thereto, and judgment in rem having been recovered in the sum of $844.15 with costs $32.73, total $876.88, the same was fully satisfied by sale of the lands as shown by the sheriff's return on the 3d day of September, 1932. That thereby Cora A. McClain was compelled to and did pay the said sum of $844.15 upon the notes described in full payment thereof before the larger note for $2,600 due October 15, 1932, had become payable by its terms. Of the $844.15 so paid by Cora A. McClain upon the notes the share of her obligation as between herself and the bankrupt Harley Carter was one-fourth, or $211.04, and his share so paid by her under compulsion was $633.11.

That the law imposed an obligation on Carter to reimburse Cora A. McClain for the amount she paid on the common obligation in excess of her share is well settled. The law, together with the sources and reasons, has been demonstrated in scholarly and thorough briefs filed herein. Pomeroy's Equity Jurisprudence (6th Ed.) § 2338; 1 Corpus Juris,

822, 823; Story's Equity Jurisprudence (14th Ed.) § 648; Wright v. Rumph (C. C. A. 5) 238 F. 138; Southern Surety Co. v. Comm. Casualty Ins. Co. (C. C. A.) 31 F. (2d) 817; Hodgson v. Baldwin, 65 Ill. 532; Hill v. Fuller, 188 Mass. 195, 74 N. E. 361; Thorsen v. Poe, 123 Ark. 77, 184 S. W. 427; Yore v. Yore, 240 Mo. 451, 144 S. W. 847; Cooper v. Rush, 138 Ark. 602, 212 S. W. 94; Arp v. Blake, 63 Cal. App. 362, 218 P. 773; Powell v. Powell, 171 Ga. 840, 156 S. E. 677; Light v. Klipp, 213 Iowa, 1071, 240 N. W. 722; Creger v. Fenimore (Iowa) 249 N. W. 147; Gafford v. Tittle, 224 Ala. 605, 141 So. 653; Waters v. Waters, 110 Conn. 342, 148 A. 326; Cunningham v. Cunningham, 158 Md. 372, 148 A. 444, 67 A. L. R. 1176; Greenwald v. Weinberg, 102 Pa. Super. 485, 157 A. 351; Raleigh Bank & Trust Co. v. York, 199 N. C. 624, 155 S. E. 263; Gelbach v. Dewey, 105 Cal. App. 149, 286 P. 1062; Hazel v. Sharum; 182 Ark. 557, 32 S.W. (2d) 315; Lewis v. Easley (Tex. Civ. App.) 34 S.W. (2d) 376; Maresh v. Jennings (Tex. Civ. App.) 38 S. W. (2d) 406; Newsom v. Shackleford, 163 Tenn. 358, 43 S.W. (2d) 384, 387; Biggs v. Davis, 184 Ark. 834, 43 S.W. (2d) 724.

■ That the obligation to contribute constitutes a claim provable in bankruptcy is also well settled. Wright et al. v. Rumph (C. C. A.) 238 F. 138; Remington on Bankruptcy (3rd Ed.) § 783.

But the appellant contends that his obligation to contribute to Cora A. McClain did not mature so that he could be sued thereon until the whole debt upon which they were jointly obligated had been paid in full. His counsel say in their brief: "Let us make ourselves clear as to our position in this matter. It is our contention that the debt, or joint obligation, in this McClain claim is the $3,400.00 debt which was secured by a mortgage on the 320 acres of land in North Dakota." ($3,400.00 being the sum of the four $200 notes and the twenty-six hundred dollar note.)

■ The contention is not sustainable on either reason or authority. We are persuaded that the law of contribution was applicable to each of the joint notes. The reason is well stated by counsel for appellees: "It is most obvious that in the great variety of obligations undertaken by individuals in a complicated business world, that we should find instruments of liability with many different terms and provisions. Some provide for a one-date payment for the whole liability; some provide for payment of a total large sum, but in installments with successive fixed dates of maturity for the several installments; some provide for a series of separate, distinct promises evidenced by negotiable promissory notes of varying dates of maturity over a long term. The obligors are bound to perform according to the terms of the instrument of liability. The right of contribution, as between co-obligors on such different obligations, is based on an implied agreement between them to each meet and pay his pro rata share of the common promises when and as they mature and, equity originally declared, and the law has now followed, that in the event one of such co-obligors was compelled to discharge in full such a matured promise, he then could have his action against his non-paying co-obligor to recover from the latter what he should have paid."

The law is well stated in Faires v. Cockerell, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528; Bushnell v. Bushnell, 77 Wis. 435, 46 N. W. 442, 9 L. R. A. 411, and McCready v. Van Antwerp, 24 Hun (N. Y.) 322.

■ On the trial of the case Mr. Carter gave evidence tending to show that he himself had paid more than his share upon the joint note for $200 due October 15, 1928, and the coupon note attached thereto and the joint note for $200 due October 15, 1929, and the coupon note attached thereto, and he justly claimed his right to contribution on account of such overpayment above his share from Cora A. McClain. But after allowing this just offset upon the liability due from him to Cora A. McClain, he still remained her debtor in a substantial amount. Her claim against him was provable in bankruptcy, and she was entitled to join with the other creditors in the involuntary petition in bankruptcy.

The verdict of the jury and the order of adjudication made by the trial court were sustained by the evidence and are affirmed.