[Civ. No. 14615. Second Dist., Div. Two. Feb. 8, 1945.]

DOUGLAS G. SHEARER, Appellant, v. DAVID DAVIS et al., Respondents.

Gang, Kopp & Tyre for Appellant.

Haight, Trippet & Syvertson, Raymond Haight and Frank Yoakum for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury, in an action for an accounting and dissolution of an alleged joint venture, plaintiff appeals.

The evidence being viewed in the light most favorable to the defendants (respondents), and pursuant to the rules set forth in *Estate of Isenberg,* 63 Cal.App.2d 214, 216 et seq. [146 P.2d 424], the essential facts are:

In July, 1934, plaintiff and defendant David Davis, hereinafter referred to as defendant, formed a joint venture to test and develop a tandem arrangement of an airplane foil or wing which could be evolved from the formula expressed in United States Patent No. 1942688. Defendant had been interested in aviation from his youth and obtained in January, 1934, the patent above mentioned. Between August, 1934, and July, 1935, plaintiff advanced to defendant approximately $2,900 which defendant used in supporting himself, paying wages to an assistant, and fabricating wing sections and other equipment to be used in making tests and running tests of air wings. In July, 1935, plaintiff told defendant that he would not advance any more money and that "things had finished." Plaintiff allowed defendant to keep the test car which belonged to plaintiff for a few more tests. This car was returned to plaintiff in August, 1935. In January, 1936, defendant borrowed the car from plaintiff who consented that defendant might use it for several test runs. At plaintiff's request the car was returned to him shortly after April 4, 1936. Thereafter no discussion relative to their business dealings took place between plaintiff and defendant until the summer of 1941. The present action was filed August 6, 1941.

There are two questions necessary for us to determine which will be stated and answered hereunder seriatim:

First: *Was there substantial evidence to sustain the trial court's finding that the joint venture between plaintiff and defendant was dissolved in April, 1936?*

This question must be answered in the affirmative and is governed by this rule:

Dissolution of a joint venture takes place when either party to the joint venture ceases to be associated in carrying on the common business as distinguished from the winding up of the business. (Civ. Code, § 2423. See, also, *Zeibak* v. *Nasser,* 12 Cal.2d 1, 12 [82 P.2d 375]; *Bayer* v. *Bayer,* 215 App.Div. 454 [214 N.Y.S. 332, 340].)

The defendant testified relative to a conversation he had with plaintiff in July, 1935, thus:

"Yes, I asked Mr. Shearer for some money to continue the work. Mr. Shearer stated to me that he had had considerable

conversation with his wife about having played around a great deal on· projects and not having saved any money and not having any automobile except the one that he was using, which was a pretty old car, and he felt that he had played around quite a bit and he was going to have to stop putting up money, and *that there would be no more money, and that things had finished.* . . . I said that I hoped that his interest would continue until he had worked out the answer to the tandem foil, and I still felt that there was an answer there. He said that you would have to stop sometime, and when you did, that was the end. . . . I said that . . . there was some odds and ends and outstanding bills, and I wondered if he would write a check to cover those, and he said, *'Dave, there is only one way to stop these things, and that is to stop.'* . . . He asked me to return the car and I asked if I might keep it for some other tests for a reasonable length of time, tests which I wanted to run, and he said I could keep it for a reasonable length of time, but he wanted to get the car back." (Italics added.)

Defendant further testified that in January, 1936, he had a conversation with plaintiff, the substance of which was as follows:

"I told Mr. Shearer that I had done further work in the wind tunnel on tandem airplane types with the maximum camber[1] up instead of down. I asked Mr. Shearer if he thought he might be able to interest himself in further work on the tandem wing. He said, no, he didn't have the money and wasn't playing around, and also that he had at that time interested himself in a ranch or was about to. . . . I said, 'You have a lot of contacts on the lot; you know directors, you know a lot of monied men here; could you interest some of them?' He said he might be able to. I asked him if I could borrow his car again to do a little more work and he said, 'Yes, you can have it a little while. . . .' The first test in that group was January 26, 1936. The last test was the final testing date, April 4, 1936. . . . I returned [the car] after April 4, 1936 within the next three or four days at least."

Shortly before defendant returned plaintiff's car, plaintiff instructed his secretary to call defendant and tell him to return the car to him. After defendant returned plaintiff's automobile in April, 1936, he made no further tests on the equipment constructed during his association with plaintiff.

From the foregoing testimony the trial court was justified

---

[1]The convexity or rise of the curve of an airfoil from its chord.

in inferring in accordance with the rule above stated that the joint venture was dissolved in April, 1936.

*Caulkins* v. *Lavigne,* 156 Mich. 89 [120 N.W. 607] is factually distinguishable from the instant case, particularly since there was not any issue in such case as to dissolution of the venture or the statute of limitations.

■ Second: *Was plaintiff's action barred by the statute of limitations, section 343 of the Code of Civil Procedure?*

This question must also be answered in the affirmative and is governed by this established rule in California:

The right to an accounting of his interest shall accrue to a member of a joint venture at the time of dissolution of the joint venture in the absence of any agreement to the contrary. (Civ. Code, § 2437.)[2]

Since the trial court found, supported by substantial evidence, that the joint venture was dissolved in April, 1936, and the present action was not instituted until August 6, 1941, more than four years had elapsed from the time plaintiff's cause of action accrued until he filed the complaint in the present action. Therefore under the provisions of section 343 of the Code of Civil Procedure, his action was barred by the statute of limitations. (*Brooks* v. *Campbell,* 97 Kan. 208 [155 P. 41, 42, Ann.Cas. 1918D,1105].)

In view of our conclusions it is unnecessary for us to discuss other points argued by counsel.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

---

[2]*Zeibak* v. *Nasser,* 12 Cal.2d 1, 12 [82 P.2d 375], holds that the rights and liabilities of joint venturers as between themselves are governed by the same rules as those which apply to partnerships.