[Civ. No. 15899.  Second Dist., Div. Two.  Nov. 26, 1947.]

HERBERT J. CUNNINGHAM, Respondent, v. RODOLPHE DeMORDAIGLE et al., Appellants.

Ben Koenig, Aaron B. Rosenthal and George W. Nilsson for Appellants.

Joseph Friedman for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury decreeing that he is entitled to $3,900 to be paid "only out of funds on deposit or other assets of" a joint venture, defendants appeal.

The conceded facts are these:

On February 25, 1946, the trial court entered an interlocutory judgment finding that plaintiff and defendants were joint venturers. A reference was ordered for the purpose of an accounting. An accounting was had and when returned to the court, objections were filed thereto. After a hearing of the proposed accounting and objections thereto the trial court, without terminating the joint venture, made a finding that plaintiff was entitled to $3,900 out of the assets of the joint venture because of the agreement between the parties. A judgment was entered accordingly.

Defendants urge reversal of the judgment on the proposition:

*That in the absence of a termination of the joint venture and a final settlement of its affairs, plaintiff, a joint venturer, may not maintain an action to recover an amount allegedly due him by reason of the joint venture agreement.*

This proposition is tenable and is governed by the following pertinent rules of law:

First: The rights and liabilities of joint venturers as between themselves are governed by the same rules as those which apply to partnerships. (*Zeibak* v. *Nasser*, 12 Cal. 2d 1, 12 [82 P.2d 375]; *Shearer* v. *Davis*, 67 Cal.App.2d 878, 881 [155 P.2d 708].)

Second: Partners cannot sue one another at law in respect to any of the business of the partnership or to recover damages from one or the other of the copartners for a breach of a partnership agreement. The remedy is by a suit in equity for a dissolution of the partnership and an accounting and settlement of the partnership affairs. (*Dukes* v. *Kellogg*, 127 Cal. 563, 564 [60 P. 44]; *Zeibak* v. *Nasser*, 12 Cal.2d 1, 12 [82 P.2d 375].)

Applying the foregoing rules to the present case it is evident that since plaintiff and defendants were joint venturers it was necessary to have a dissolution of the joint venture and an accounting of their joint venture transactions prior to plaintiff's being able to maintain an action to recover a sum allegedly due him under the joint venture agreement. Since neither party sought termination of the joint venture, and the trial court did not find that it had been terminated,

the judgment in the present case was erroneous. The reason for this rule is that until an accounting is had it cannot be known whether the joint venturer suing may not in fact be indebted to the joint venture, or to the other members of the venture, or that there may not be outstanding joint venture debts sufficient to exhaust the joint venture assets.

The judgment is reversed.

Moore, P. J., and Wilson, J., concurred.