[Civ. No. 16694.   Second Dist., Div. Two.   Dec. 20, 1950.]

P. MALOTT, Appellant, v. SAM SEYMOUR et al., Respondents.

Knight, Gitelson & Ashton and Alfred Gitelson for Appellant.

Overton, Lyman, Plumb, Prince & Vermille for Respondents.

MOORE, P. J.—Plaintiff appeals from a summary judgment rendered against him in his action brought against the guarantors of certain obligations evidenced by promissory notes executed by a partnership known as Dr. Forbes Farms. Respondent partnership was comprised of respondents and another partnership, to wit, Lesser and Son which in turn was made up of five individuals. Appellant's assignor, Louis Lesser, was one of the five.

On November 27, 1946, respondents and Lesser and Son executed a certain "Continuing Guaranty by General Partners" in favor of the Union Bank & Trust Company of Los Angeles. In reliance on this guaranty, the bank in January, 1947, made a loan of $50,000 to Dr. Forbes Farms which loan was evidenced by two promissory notes of $25,000 each bearing interest at 4 per cent per annum payable six months after date. This loan was from time to time extended until May 19, 1947, when the loan was renewed by the two promissory notes sued upon herein executed by the same copartnership, each in the sum of $25,000 payable August 18, 1947.

Nothing was ever paid on the obligations and in September, 1947, Louis Lesser purchased the notes and guaranty from the bank for $50,519.46 and prior to the commencement of this action assigned same to the appellant for collection.

The question for decision is whether the trial court erred in granting respondents' motion for a summary judgment made on the theory that Lesser, as a partner, could not maintain an action at law, but was relegated to his action in equity for an accounting and dissolution.

It is established that while Lesser was one of the general partners of Dr. Forbes Farms he acquired the claim sued upon as an individual and in his own right. Now, if he was a general partner in the debtor copartnership, he could not sue his associates. █ It is a ubiquitous rule that in the absence of statutory authority an action at law cannot be maintained against a person's copartners with respect to partnership transactions. (*Johnstone* v. *Morris*, 210 Cal. 580, 583-4 [292 P. 970]; *DeMartini* v. *Industrial Acc. Com.*, 90 Cal.App.2d 139, 150 [202 P.2d 828]; *Cunningham* v. *deMordaigle*, 82 Cal. App.2d 620, 621 [186 P.2d 423].) The reason for this general

rule is that it is ordinarily impossible to determine whether or not the defendant partner is in fact indebted to the plaintiff partner until the partnership accounts are settled and the true standing of the parties has been ascertained. The partners have not, by implication, agreed to account otherwise; and until that is done, no debt arises. (Mechem's Elements of Partnership, 2d ed. § 204.) Moreover, the process and remedies in an action at law are not usually adequate to the investigation of claims requiring such an accounting. (*Ibid.*)

   Appellant contends that Louis Lesser alone is not a partner of respondents but that on the contrary the firm of Lesser and Son is the actual copartner. But on further reflection appellant cannot fail to see that creditors of the Forbes Farms partnership could if necessary eventually look to him for satisfaction of the partnership's indebtedness. He could not shield himself behind the Lesser and Son partnership in the sense that a shareholder of a corporation enjoys this insulation and protection. Thus it appears that Lesser is subject to possible liability on the obligation notwithstanding that he purportedly signed the guaranty only on behalf of Lesser and Son. It follows that for some purposes, at least, the parties would be viewed as copartners. (See Mechem, *supra,* § 54.) Therefore, to adjust all possible obligations among the partners and possibly preferred claims of firm creditors, appellant's assignor and respondents should herein be treated as copartners and the action brought in equity. (See *Laughlin* v. *Haberfelde,* 72 Cal.App.2d 780, 788 [165 P.2d 544].)

   Appellant has cited no applicable authority supporting his position. The numerous cases relied upon are all readily distinguishable in that they involved actions by one partner against another for breach of the partnership agreement, actions for contribution after dissolution of a partnership or suits on a transaction easily segregated from other partnership matters as in the case where plaintiff-partner loaned money to the firm. (*Blee* v. *Lead Mountain Mines,* 8 Cal.2d 550 [66 P.2d 646].) In such situations it is undisputed that an action at law can be maintained.

   Appellant's argument that the general rule does not apply where the obligation sued upon was not a partnership transaction or has been segregated by agreement of the parties is of no avail. Although this exception to the general rule is also well established (see *Bull* v. *Coe,* 77 Cal. 54 [18 P. 808, 11

Am.St.Rep. 235] ; *Johnson* v. *Rosenstein,* 132 Cal.App. 675 [23 P.2d 418]) it is clear from the pleadings and affidavits filed herein that the note and guaranty involve partnership business. The notes were executed by Dr. Forbes Farms to an outsider and the guaranty was specifically made to cover debts of this partnership.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.