**Francis L. SAUGET, Appellant,**

v.

**Herbert J. JOHNSTON, Appellee.**

**No. 18002.**

United States Court of Appeals
Ninth Circuit.

April 11, 1963.

Before ORR, HAMLIN and DUNIWAY, Circuit Judges.

ORR, Circuit Judge.

On or about the 28th day of January 1954, appellant and appellee entered into a written joint venture agreement and pursuant thereto, conducted business operations.

Disagreements arose and appellee insituted suit for dissolution of the joint venture and an accounting. Issues were joined and the case went to trial. During the course of the trial, appellee introduced a copy of the joint venture agreement, which the trial court admitted as being "an exact copy of the original."

The trial court ordered an accounting and referred the cause to a special master, who in due time made his report. Over the objection of the appellant, the master's report was accepted by the trial court; and judgment was entered in favor of appellee. On appeal here appellant assigns as error: (1) the admission in evidence of an alleged copy of the joint venture agreement; (2) the acceptance by the trial court of the master's findings of fact and the adoption by the court of his report; and (3) the determination that the applicable statute of limitations had not run.

As to the first assignment of error, it is claimed that a copy of the agreement was admitted in evidence in violation of the best evidence rule because no proper foundation was laid for its admission in that it was not shown that the original was not in existence. As a matter of fact, the original was in the possession of appellant, but no demand was made for its production.

A duplicate original or originally executed copy of a written instrument is generally considered to be an original within the meaning of the best evidence rule; and appellee testified that his original copy was missing and could not be found after a diligent search. The primary reason the original of a writing is preferred to a copy is that the copy is always subject to errors on the part of

Turner, Barrett & Ferenz, Howard G. Trapp and Walter Ferenz, Agana, Guam, and San Francisco, Cal., for appellant.

Carlos P. Taitano, Agana, Guam, Roy C. Hall and Alvin G. Buchignani, San Francisco, Cal., for appellee.

the copyist. See 4 Wigmore, Evidence § 1179 (3d ed. 1940). Appellant does not contend that there was any discrepancy between the terms of the copy and the original agreement. Both appellant and appellee testified as to the contents of the joint venture agreement; and their testimony does not conflict with the terms of the agreement as shown by the copy. The copy was also corroborated by a rough draft of the agreement, that was initialed by both parties and admitted in evidence. Even though the trial court erred in admitting the copy in evidence, we conclude that it was harmless error within the meaning of Rule 61 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■ The second assignment of error is without merit. It deals with the acceptance by the court of the master's report. It is asserted that the master held no meeting of the parties and that Rule 53(d) (I) of the Federal Rules of Civil Procedure, 28 U.S.C.A., required such a meeting. Such a meeting is not required if the "order of reference otherwise provides." In a somewhat informal manner the trial court advised the master that the accounting was to be strictly on existing records. This, to be sure, was not in accordance with accepted procedure in "otherwise" providing; but it is not contended, nor is it apparent, that any prejudice resulted therefrom.

In answer to the assertion that the court erred in accepting the findings of the master, it is provided in Rule 53(e) (II) of F.R.C.P. that "[i]n an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous." The record convinces us that this cannot be said of the findings in this case.

■■ Although the master testified that his accounting did not conform to generally accepted accounting principles because the records given to him were not complete, this does not necessarily make his findings clearly erroneous. A master's report should only cover those matters stated in the order of reference. The master's function in this case was not to act as an independent auditor, but to make an accounting on the basis of the records provided him by the parties. This he did.

■ Appellant contends that the statute of limitations had run. The cause of action for an accounting of a joint venture accrues at the time of dissolution of the joint venture. Shearer v. Davis, 67 Cal.App.2d 878, 155 P.2d 708 (1945). It is said the trial court erred in its determination as to when the joint venture was dissolved. The trial court found that the dissolution did not occur until September 1956 at which time the last transaction of the venture was completed (collection of a claim against the United States). Cf. American Pacific Dairy Products v. Siciliano, 235 F.2d 74 (9th Cir. 1956). This finding is substantially supported by the evidence and is not clearly erroneous.

Affirmed.