[No. B061474. Second Dist., Div. Four. June 6, 1994.]

SECURITY PACIFIC NATIONAL BANK, Plaintiff, v.
CHARLES J. LYONS, JR., Defendant and Respondent;
M. DAVID YUROSEK et al., Defendants and Appellants.

## COUNSEL

H. Roy Jeppson and Robyn F. Stalk for Defendants and Appellants.

Hillel Chodos and Michael A. Chodos for Defendant and Respondent.

## OPINION

**EPSTEIN, J.**—We hold that a joint and several judgment debtor who satisfies the entire debt is entitled to an order of contribution from the other joint debtors under Code of Civil Procedure sections 882 and 883. The paying debtor is entitled to this order free of any offsets the other debtors may have based on unadjudicated claims. This is true even though the underlying obligation arose out of the operation of a business in which all of the judgment debtors were partners.

## Factual and Procedural Summary

Appellants are Michael A. Yurosek and M. David Yurosek, respectively father and son. They appeal from an order of contribution entered against them on petition of Charles J. Lyons, Jr., the respondent on this appeal.

The factual matrix underlying the appeal, as recounted by appellants in their opening brief, is complex.[1] Nevertheless, the facts germane to resolution of the issue on appeal are quite simple and may be briefly recounted.

The Yuroseks, Lyons and one Carl Ross were partners in farming operations in Kern County. The partnership needed money and a $2,350,000 loan was arranged with Security Pacific National Bank (the Bank). The signatories on the promissory note evidencing the loan were the Yuroseks and Lyons; Ross did not sign the note. The note bore interest at an ascertainable rate, and it provided for binding arbitration of any dispute or claim under its provisions, and for attorney fees.

The note was not paid when due, and the Bank initiated arbitration proceedings. After a hearing at which the Bank, the Yuroseks and Lyons were represented, the arbitrator rendered his final award, finding in favor of the Bank for the principal amount of the note, together with interest, fees and costs of collection. The award was against each of the Yuroseks, and Lyons, as joint and several obligors.[2]

The Bank then petitioned the court for an order confirming the award. The Yuroseks and Lyons filed notices of nonopposition to the Bank's petition. But Lyons also filed a motion for contribution from joint judgment defendants, stating that he intended to discharge the entire amount of the judgment as soon as it was rendered and entered, and asking the court to order the Yuroseks, as joint debtors, to reimburse him for their proportionate share of the obligation. The basis for the petition was Code of Civil Procedure sections 882 and 883.[3]

Lyons's motion was opposed by the Yuroseks, largely on the basis of claims of setoff rights against him and an assertion that the motion amounted to a prohibited action by one partner against others before the partnership

---

[1]We are asked to take judicial notice of a plethora of material relating to the business affairs of the parties and litigation among them. We take judicial notice, pursuant to Evidence Code section 452, of those matters which were noticed by the trial court.

[2]The arbitrator noted that the Yuroseks did not dispute the Bank's claim; that Lyons did, but that his defenses were rejected; and the Yuroseks filed a cross-claim against Lyons but later withdrew it.

[3]All further statutory citations are to that code unless otherwise stated.

had been wound up and an accounting rendered. The Yuroseks asked the court to defer ruling on Lyons's motion until their claims could be stated and determined. The Bank also filed opposition to Lyons's motion.

The Bank's petition was heard on July 3, 1991. The motion was granted in its entirety, the court entering judgment in favor of the Bank and against each of the Yuroseks and Lyons as joint and several obligors. The total judgment (with interest to date and together with costs and fees), amounted to $2,857,385.21.

Lyons fully discharged the entire judgment, together with further interest up to the date of entry, as soon as the judgment was entered. He received a full satisfaction from the Bank. In accordance with the court's direction, he also refiled, reserved and renoticed his motion for contribution. The motion was opposed. By the time it was heard, the Yuroseks had instituted litigation against Lyons with respect to their claims.

The court rendered its decision on July 19, 1991. It adjudged that the Yuroseks were each liable, with Lyons, as a joint and several obligors for the full amount of the judgment in favor of the Bank, which (updated by interest through July 8, 1991) amounted to $2,860,125.21. The court also ruled that each bore a one-third share of that liability, and that since Lyons had discharged the entire debt, he was entitled to reimbursement from each of the Yuroseks for $953,375.07, together with interest at 10 percent from the date of payment (amounting, by then, to $2,611.99, and accumulating at $261.19 a day). The result was an order that each of the Yuroseks pay Lyons $955,987.06.

The Yuroseks filed a timely notice of appeal shortly thereafter.

## DISCUSSION

### I

We are met at the outset by Lyons's claim that the appeal is moot. He bases this on an assertion that, after the notice of appeal was filed (and hence not reflected in the record of trial court proceedings), the Yuroseks caused the entire amount of contribution owed to Lyons to be paid.

The Yuroseks' opening brief includes a short, buried parenthetical statement that Lyons was indeed reimbursed in accordance with the order. In their reply brief, the Yuroseks acknowledge the payment but dispute the claim of mootness.

An appeal is not moot if some issue, not merely academic, remains to be decided. (*Hartke* v. *Abbott* (1930) 106 Cal.App. 388, 394 [289 P. 206].) The Yuroseks argue that, if we find the order of contribution was erroneously made, we might direct Lyons to make reimbursement, and if we did our order would surely affect the status of the parties.

Although we are empowered to make such an order (§ 908), it is highly unlikely that we would do so. Nevertheless, it appears that the payment was made under threat of execution or other judgment debtor proceedings initiated by Lyons,[4] and hence that a general reversal of the order would entitle the Yuroseks to demand and receive reimbursement from Lyons. (See *Reitano* v. *Yankwich* (1951) 38 Cal.2d 1, 3 [237 P.2d 6, 39 A.L.R.2d 191] [no waiver when payment made under compulsion to avoid execution]; see generally, 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 160, p. 170.)

We proceed to the merits.

## II

■ The governing statute, enacted in 1982 and effective the following year, is found in chapter 2 of title 11 of the Code of Civil Procedure, consisting of sections 881-883. Section 882, subdivision (a) provides that where two or more judgment debtors are jointly liable on a money judgment, "[a] judgment debtor who has satisfied more than his or her due proportion of the judgment, whether voluntarily or through enforcement procedures, may compel contribution from another judgment debtor who has satisfied less than his or her due proportion of the judgment."

Section 883 provides: "(a) A judgment debtor entitled to compel contribution or repayment pursuant to this chapter may apply on noticed motion to the court that entered the judgment for an order determining liability for contribution or repayment. The application shall be made at any time before the judgment is satisfied in full or within 10 days thereafter. [¶] (b) The order determining liability for contribution or repayment entitles the judgment debtor to the benefit of the judgment to enforce the liability, including every remedy that the judgment creditor has against the persons liable, to the extent of the liability. [¶] (c) Nothing in this section limits any other remedy that a judgment debtor entitled to contribution or repayment may have."

Cases construing the statutory and common law right of one judgment debtor to obtain contribution from another with whom the first is jointly

---

[4]Reply brief; we take judicial notice of the records referenced there insofar as they relate to this issue.

obligated, are few, somewhat antique, and not particularly helpful to resolution of the issue before us. Still, the language of the present statute is plain, and construction is not needed. (See *DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601 [7 Cal.Rptr.2d 238, 828 P.2d 140] [where statutory language clear and unambiguous, there is no need for construction "and courts should not indulge in it"].)

The Law Revision Commission, which proposed the 1982 legislation through which the present statute was enacted, has pointed out that section 882 restates the substance of the predecessor law (former § 709), and that subdivision (c) of section 883 is drawn from Civil Code section 2848, and essentially gives a judgment debtor who discharges a joint and several obligation the rights of the judgment creditor as to its fellow joint and several obligors. (Tent. Recommendation Proposing the Enforcement of Judgments Law (Oct. 1980) 15 Cal. Law Revision Com. Rep. (1980) pp. 2647, 2683; see *Redevelopment Agency* v. *Arvey Corp.* (1992) 3 Cal.App.4th 1357, 1363 [5 Cal.Rptr.2d 161] [persuasive value of Law Revision comments on statute it proposed].)

The Yuroseks argue that the statute does not apply because, by invoking it, the court violated the general rule that one partner cannot sue another for money based on the business of the partnership until the partnership has been dissolved and an accounting rendered. The rule is as old as the state, and more. (See *Stone* v. *Fouse* (1853) 3 Cal. 292, 294.) It has been frequently iterated. (See *Prince* v. *Harting* (1960) 177 Cal.App.2d 720, 732 [2 Cal.Rptr. 545]; *Rosenfeld, Meyer & Susman* v. *Cohen* (1987) 191 Cal.App.3d 1035, 1049 [237 Cal.Rptr. 14].) Yet, most of the cases that have considered it have not applied it and, in fact, have found one or another exception to be applicable. (*Prince* v. *Harting, supra,* 177 Cal.App.2d at p. 735.) A classic statement of the rule recognizes a principal source of exception: statutory authorization for suit. (*Malott* v. *Seymour* (1950) 101 Cal.App.2d 245, 246 [225 P.2d 310].)

Section 883 is such a statute.

Of course, it is a corollary to the paying joint debtor's right to contribution that it gain no collateral advantage over the other obligors. Instead, the party who discharges the joint obligation merely steps into the shoes of the judgment creditor insofar as rights against the other joint debtors are concerned. (§ 883, subd. (b).) It follows that the Yuroseks claims against Lyons, whether based on partnership operations or otherwise, are not affected by the court's order for contribution or, for that matter, by their compliance with the order. Lyons has acknowledged, repeatedly and emphatically that this is the case, and has disclaimed any collateral advantage from the order.

The authorities cited by the Yuroseks do not aid them. *Gelbach* v. *Dewey* (1930) 105 Cal.App. 149 [286 P. 1062], was a sufficiency of evidence case and did not involve a judgment debtor. Neither do any of the other cases cited: *Kauffman* v. *Bobo & Wood* (1950) 99 Cal.App.2d 322 [221 P.2d 750]; *Malott* v. *Seymour, supra*, 101 Cal.App.2d 245; *Mosher* v. *Helfend* (1935) 7 Cal.App.2d 48 [44 P.2d 1050]; or *Prince* v. *Harting, supra*, 177 Cal.App.2d 720. None involve the rights of a judgment debtor or the application of sections 882 and 883. Instead, each case, in one way or another, involves attempts by one partner to sue another for debts related to the partnership. And, as we have seen, two of these cases (*Malott* and *Prince*) recognize exceptions to the general rule against inter se actions between partners.

We conclude that the trial court correctly granted Lyons's motion for contribution.

## DISPOSITION

The order is affirmed. Respondent is to have his costs on appeal.

Woods (A. M.), P. J., and Vogel (C. S.), J., concurred.